'D. M. ROBERSON AND WIFE, ETHEL G. ROBERSON, v. P. D. PRUDEN AND WIFE, LILLIAN L. PRUDEN.

(Filed 28 September, 1955.)

### 1. Mortgages and Deeds of Trust § 40: Trusts § 2a—

Allegations and evidence in this case to the effect that prior to the foreclosure sale by the trustee, the *cestuis* and defendant, a stranger to the instrument, agreed that the defendant should purchase the property at the sale, and hold the title in trust for the *cestuis* for five years, and convey the property to the *cestuis* at any time within the five-year period upon repayment of the amount defendant had invested, considered in the light most favorable to the *cestuis*, *is held* sufficient to be submitted to the jury in this action to establish an express parol trust.

### 2. Same—

While a parol trust in favor of grantor cannot be engrafted upon a deed in fee simple unless otherwise indicated in the deed, a parol trust may be enforced in favor of a stranger to the deed when the grantee takes title to the property under an express agreement to hold the property for his benefit. This rule applies to an agreement between a *cestui* in a deed of trust and a stranger to the instrument who agrees to purchase at the foreclosure sale for the benefit of the *cestui*.

### 3. Equity § 2b: Specific Performance § 3—

In this action to enforce an express parol trust, defendants allege that the agreement was made for the purpose of defeating the Federal tax lien on the land. *Held:* The Federal Government had one year from date of sale within which to redeem, since the tax lien was subsequent to the lien of the deed of trust under which defendant purchased, 28 USCA Sec. 2410, and defendants' defense that plaintiffs did not come into a court of equity with clean hands, was determined in favor of plaintiffs under a correct charge of the court.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Hubbard, S. J.,* June Term, 1955, of WASHINGTON.

This was a suit to establish a parol trust in land.

Plaintiffs alleged that in January 1946 they purchased from the Scuppernong Livestock Association the tract of land known as the Belgrade Farm, 274 acres, and to secure the balance of the purchase money executed note and deed of trust to W. D. Boone trustee in sum of $8,000; that thereafter the note and deed of trust passed into the hands of defendant P. D. Pruden; that in May 1946 one-half interest in the land was sold to J. W. Rasor and released from the lien of the deed of trust, $2,000 being credited on the debt. Plaintiffs further allege that in May 1953, W. D. Boone trustee advertised and sold the

land for $8,000; that prior to the sale defendant P. D. Pruden agreed with plaintiffs to buy the land at the sale, take title to the one-half undivided interest and hold the title thereto in trust for plaintiffs for five years, and to convey the land to the plaintiffs upon repayment of the amount he had invested.

Plaintiffs alleged that under this agreement defendant Pruden bought the land and took title in himself in trust for plaintiffs; that plaintiffs are ready, able and willing to carry out their agreement, have offered to pay the full amount defendant had invested, and have demanded that defendant execute deed to plaintiffs; that defendant has refused to do so, and has repudiated the contract. Plaintiffs instituted this action 16 October, 1954.

The defendants answering denied that P. D. Pruden had made any such agreement or that he holds the title for the plaintiffs; and further that subsequent to his purchase of the land plaintiffs and defendant P. D. Pruden entered into the relation of landlord and tenant. Defendants also plead the statute of fraud as to any alleged parol contract, or tenancy for more than three years.

Defendants subsequently filed an amendment to their answer in which they alleged that if there were a parol agreement or trust between plaintiffs and defendants relative to the foreclosure of the deed of trust as alleged, which is denied, the same was entered into for the purpose of fraud and conspiracy to defeat the federal tax lien which had then been docketed as a lien on said land.

Plaintiffs' testimony on the trial tended to support the allegations of the complaint. Plaintiff D. M. Roberson testified that acting for his wife and himself he asked defendant P. D. Pruden to have the land advertised and sold under the deed of trust, and to buy it in and hold it in trust for the plaintiffs with right to redeem at any time within 5 years. This the defendant agreed to do and to hold the title for the plaintiffs, the plaintiffs to remain in possession and to pay as rental $7.50 per acre of cleared land, plus taxes and insurance on building. He testified that defendant P. D. Pruden agreed to let plaintiffs have the land back upon the terms stated; that the land was sold under the deed of trust in May 1953 and bought by defendant for $8,000; that in 1954 the plaintiffs offered to pay the full amount defendant had invested and to comply with the agreement in all respects, and demanded that defendants execute deed, but defendants refused to do so, repudiated the contract, and sought to evict the plaintiffs.

Plaintiff testified that he first asked defendant Pruden to buy the land and hold it as he had the Shepherd land, but that later they changed this and made the agreement whereby the defendant was to buy the land and hold for plaintiffs on the terms alleged in the com-

plaint. The plaintiff D. M. Roberson testified that the agreement they had with defendant P. D. Pruden in 1953 to buy in the land at the sale and hold for the plaintiffs, and the foreclosure sale made pursuant thereto, were after the United States had filed and docketed in 1951 a tax lien against the plaintiffs for $63,000. Plaintiffs own other lands than those described in this action.

The defendant P. D. Pruden testified that D. M. Roberson asked him to foreclose the deed of trust, but did not ask him to buy it in for plaintiffs before the sale. He testified, however, that after the sale he told them if they wanted the land they could have it for what he had in it plus the expenses, but that due to other obligations and commitments he was not now willing to sell it back to plaintiffs, and that he and Rasor, who owned one-half interest in the farm, had a buyer for the whole farm for $25,000.

The court submitted issues which were answered by the jury as follows:

"1. Did the defendant, P. D. Pruden, agree at, or before receiving the deed from W. D. Boone, Trustee, to take title to Belgrade Farm, described in the pleadings, in trust for the plaintiffs, as alleged in the complaint? Answer: Yes.

"2. If so, was the agreement procured by the plaintiffs for the purpose and with the intent to wrongfully defeat the tax due under the lien of the United States? Answer: No."

From judgment on the verdict the defendants appealed, assigning errors.

*Peel & Peel and Bailey & Bailey for plaintiffs, appellees.*
*Norman & Rodman and W. D. Boone for defendants, appellants.*

DEVIN, J. The defendants assign as error the ruling of the trial judge in denying their motion for judgment of nonsuit, but after a careful examination of all the evidence shown by the record before us, we reach the conclusion that the motion was properly denied.

True, some portion of plaintiffs' evidence might justify the inference that the agreement entered into between the parties before the sale of the land was merely a parol agreement to purchase coupled with an option to repurchase, as was held in *Gunter v. Gunter,* 230 N.C. 662, 55 S.E. 2d 81. However, when the entire evidence is considered in the light most favorable for the plaintiffs, as required by the rule on a motion for nonsuit, we think the evidence sufficient to make a case for the jury on the question whether the defendant P. D. Pruden agreed before the sale to buy the land at the sale and to take title thereto in trust for the plaintiffs as alleged in the complaint.

The finding by the jury on this question, in the light of all the evidence under the charge of the court, was sufficient to bring this case within the category of an express trust arising by virtue of the agreement between the parties and enforceable in equity for the purpose of carrying out the intention of the parties, when it is made to appear from the circumstances that the grantee was not intended to take beneficially. *Avery v. Stewart,* 136 N.C. 426, 48 S.E. 775; *Taylor v. Addington,* 222 N.C. 393, 23 S.E. 2d 318; *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418; *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289.

"It is not now an open question that when a party agrees before the sale to purchase property about to be sold under execution against a party and to give such party the benefit of the purchase, the agreement is binding and will be enforced." *Sandfoss v. Jones,* 35 Cal. 481, quoted by *Walker, J.,* in *Avery v. Stewart, supra.*

It is well settled that a parol trust in favor of the grantor cannot be engrafted upon a deed conveying title in fee, unless otherwise indicated in the deed. "However," said *Denny, J.,* in *Carlisle v. Carlisle, supra,* "since the seventh section of the English Statute of Frauds, which forbids the creation of a parol trust in land, has never been enacted in this jurisdiction, parol trusts may be enforced when the grantee takes title to the property under an express agreement to hold the property for the benefit of another." A number of authorities in support are cited.

The defendants in an amendment to their answer alleged that if there were an agreement between the plaintiffs and defendants before the sale whereby the defendants were to buy and hold the land in trust for the plaintiffs, this was done with intent wrongfully to defeat the Federal tax lien. Since the tax lien of the United States was subsequent to the lien of the deed of trust, under the statute the United States would have one year from date of sale within which to redeem. Tit. 28 U.S.C.A. Sec. 2410; *Roberson v. Boone, ante,* 598. It was contended that plaintiffs did not come into a court of equity with clean hands. However, an issue addressed to this allegation was submitted to the jury and answered in favor of the plaintiffs. The defendants' exception to a portion of the judge's charge on this issue is without merit.

The other exceptions noted by defendants during the trial and brought forward in their assignments of error have been considered but we find no error which would justify upsetting the verdict and judgment below.

No error.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.