MANHATTAN LIFE INSURANCE COMPANY v. LACY J. MILLER MACHINE COMPANY, INC.

No. 8122SC1319

(Filed 21 December 1982)

1. **Insurance § 12— key man life insurance—insured not active and working full time—policy void ab initio**

    The insured was not "active and working full time" as an employee of the corporate beneficiary of a "key man" life insurance policy at the time the policy became effective, and the policy was void *ab initio*, where officers of the corporate beneficiary had obtained a temporary restraining order barring any participation by the insured in the affairs of the corporation prior to the time the policy became effective.

2. **Rules of Civil Procedure § 56.1— summary judgment while discovery procedures pending**

    The trial court did not abuse its discretion in hearing and ruling on a motion for summary judgment while discovery procedures were pending where the undisputed facts resolved the matter against the party seeking a continuance of the hearing.

APPEAL by defendant from *Hairston, Judge.* Order entered 18 May 1981 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 20 September 1982.

The Manhattan Life Insurance Company (Manhattan) brought a declaratory judgment action in which it sought to have a "key man" insurance policy, effective on and after 1 February 1980, rescinded and declared *void ab initio*, because the insurance application contained false material statements. The policy was issued on the life of Lacy J. Miller. It was signed by Lacy J. Miller and by Joseph T. Buie, Jr., in his capacities as vice-president, secretary and treasurer of the Lacy J. Miller Machine Company, Inc. (the Miller Company). The Miller Company was the applicant for, and owner and beneficiary of, the policy. From 21 January 1980 and through the effective date of the policy, a temporary restraining order, sought by and granted to the officers of the Miller Company, was in force. That decree provided as follows:

> 1. That a temporary restraining order is, and the same is hereby issued, enjoining the defendant [Lacy J. Miller], his agents, employees, associates or any other person under his supervision or direction, and acting in consort with the defendant, from taking or attempting to take any action whatsoever with regard to the assets, funds, obligations, rights, employees of the plaintiff corporation, and the defendant is further enjoined from taking from the corporate plaintiff, any loan, salary, bonus, funds, assets and from attempting to fire or hire employees or agents of the plaintiff corporation, and from selling or attempting to sell any assets of the corporate plaintiff, whatsoever, until further orders of this Court.

> 2. It is further ordered that the plaintiffs, pending hearing on this matter and final determination on the merits, shall be allowed to continue operation of the corporate plaintiff. . . .

Manhattan argues that the temporary restraining order barred, as a matter of law, any participation by Lacy J. Miller in the affairs of the Miller Company; that the Miller Company's officers knew he was so barred when they signed the insurance policy application; that, as a result, the material information on the application was false; and that the contract of insurance was *void ab initio* and should be rescinded. Manhattan moved for summary judgment, and the motion was granted.

The Miller Company argues that summary judgment was improperly granted because an issue of material fact exists as to, among other things, whether Lacy Miller was an active employee of the defendant company at the time the insurance policy went into effect. We reject each of the Miller Company's arguments and affirm the judgment below. We will address defendant's arguments in order and discuss additional facts as needed for the analysis.

*Cansler, Lockhart, Parker & Young, P.A., by Thomas Ashe Lockhart and George K. Evans, Jr., for plaintiff appellee.*

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, and House, Blanco & Osborn, P.A., by Lawrence U. McGee, for defendant appellant.*

BECTON, Judge.

I

The purpose of summary judgment is to "pierce" the pleadings and determine whether a genuine issue of material fact exists. *Singleton v. Stewart,* 280 N.C. 460, 464, 186 S.E. 2d 400, 403 (1972). Should there exist any issue of material fact, the reviewing court must deny the motion. *Id.*

[1] The Miller Company first argues that there is a material factual dispute concerning whether Lacy Miller was "active and working full time" within the meaning of the insurance policy. The Miller Company cites numerous cases for the proposition that a person need not be physically at the office forty (40) hours per week in order to be considered an active and full time employee. We agree that the usefulness or active status of an employee is as much a function of his employer's needs and demands as any other criterion. However, the Miller Company proffers no authority upon which we could rule that an employee who has been *legally barred* from both his employer's premises and his former duties *by agents of that employer* is, nevertheless, an "active and full time" employee. That dearth of authority is not surprising. Indeed, we find it difficult to understand how the Miller Company officers, the plaintiffs in the action to get the restraining order, so alarmed by Lacy Miller's alleged incompetence that they sought extraordinary equitable relief against him on 21 January 1980,

could nevertheless consider him a valued member of their firm just eleven days later. One is led to speculate whether the Miller Company's change of heart was motivated by its status as beneficiary of the policy proceeds.

We need look no further than the restraining order to conclude that no issue of fact exists on this point. The restraining order enjoined Lacy Miller from "taking or attempting to take any action whatsoever with regard to the assets, funds, obligations, rights . . . from attempting to fire or hire employees or agents of [Miller Machine Company], and from selling or attempting to sell any assets of the [Miller Machine Company]." Lacy Miller was stripped of all the duties, rights and responsibilities he had to the company he founded by the temporary restraining order. For the defendants to consider Lacy Miller an officer of the Company after they had obtained the restraining order on 21 January 1980 requires more than legal ingenuity; it requires a resort to intellectual gymnastics. We hold that, because of the temporary restraining order entered for the defendants, Lacy Miller was not active and working full time as a matter of law.

II

Defendant's second and third arguments concern whether Manhattan waived its requirement that an insured be active and working full time to qualify for protection, and whether Roger Brooks, the person who solicited the insurance application, was an agent of Manhattan.

Assuming, *arguendo*, that Roger Brooks was an agent of Manhattan when he solicited, submitted and sold the "key man" policy on the life of Lacy J. Miller, the Miller Company's argument is still without merit. Without the knowledge of Roger Brooks, defendants purposely took action to remove Lacy J. Miller from any and all meaningful involvement with the Company. Key man insurance is, by definition, designed to fund buyout or stock redemption plans upon the death of major shareholders, senior officers, and the like. Lacy Miller was in no manner a "key man," by reason of the temporary restraining order; he was thus ineligible for protection under the policy by its own terms and defendant's actions. Thus the policy was *void ab initio*, and no issue of fact exists as to these contentions of the Miller Company.

### III

[2] Finally, the Miller Company asserts that its motion to continue the hearing on plaintiff's motion for summary judgment should have been allowed because discovery procedures were pending. The decision to grant or deny a continuance is solely within the discretion of the trial judge, and his decision will not be reviewed absent a manifest abuse of discretion. *Wood v. Brown,* 25 N.C. App. 241, 243, 212 S.E. 2d 690, 691, *cert. denied,* 287 N.C. 469, 215 S.E. 2d 626 (1975). We find no abuse here. Generally, it is error for a court to hear and rule on a motion for summary judgment when discovery procedures which might lead to evidence relevant to the motion are pending. *Conover v. Newton,* 297 N.C. 506, 256 S.E. 2d 216 (1979). That rule presupposes that any information gleaned will be useful. When, as here, undisputed facts themselves resolve the matter against the party seeking the continuance, the general rule does not apply. We find neither error nor any abuse of the trial judge's discretion in denying the motion to continue.

### IV

In summary: We hold that Lacy Miller could not have been an employee of the Miller Machine Company as a matter of law by reason of the temporary restraining order granted the Miller Company on 21 June 1980 and that therefore the purported insurance contract was *void ab initio.* Summary judgment for Manhattan Life Insurance Company was proper.

Affirmed.

Chief Judge MORRIS and Judge JOHNSON concur.