DR. ANTHONY J. VAGLIO, JR. (D/B/A VAGLIO FINANCIAL ENTERPRISES), MILT COHEN, AND DAVID WEDDINGTON, COLLECTIVELY D/B/A/ CENTURY 21 A-1 v. TOWN AND CAMPUS INTERNATIONAL, INC., A MISSOURI CORPORATION, TOWN AND CAMPUS, INC., A MISSOURI CORPORATION, BONHOMME EQUITIES, INC., A MISSOURI CORPORATION, JOSEPH O. MORRISSEY, JR., RICHARD M. ZITZMANN, CALMARK ASSET MANAGEMENT, INC., A DELAWARE CORPORATION, AND GEORGE B. BREWSTER

No. 8310SC1165

(Filed 6 November 1984)

1. **Rules of Civil Procedure § 60— denial of motion for relief—no request for findings—findings not required**

    Trial courts are required to make findings of fact when denying Rule 60(b) motions if findings are requested, but are not required to do so when findings are not requested. G.S. 1A-1, Rule 52(a)(2).

2. **Rules of Civil Procedure § 60; Appeal and Error § 28.2— denial of Rule 60(b) motion—no findings—question on appeal**

    Where no findings of fact were made in the trial court's denial of plaintiff's Rule 60(b) motion, the question on appeal becomes whether there was evidence from which the court could have made sufficient findings of fact.

3. **Rules of Civil Procedure § 60.2— denial of Rule 60(b)(3) motion—evidence sufficient**

    There was sufficient evidence for the court to deny plaintiff's Rule 60(b)(3) motion for relief from judgment, made on the grounds that defendants allegedly misrepresented to the court the nonexistence of a contract, where the court examined the document purported to be a contract and ruled as a matter of law that no contract existed.

4. **Rules of Civil Procedure § 60.2— denial of motion for relief—surprise or excusable neglect not shown**

    There was no abuse of discretion in the denial of plaintiff's motion for relief based on mistake, inadvertence, surprise, or excusable neglect in the failure of plaintiff's counsel to submit affidavits and other evidence where defendants' motion was filed on 9 March and originally calendared for 9 September, then continued and heard on 20 September; plaintiff received notice from opposing counsel; and plaintiff's attorney did not object. G.S. 1A-1, Rule 60(b)(1).

5. **Rules of Civil Procedure § 56— summary judgment granted before discovery complete—no abuse of discretion**

    There was no abuse of discretion in the granting of summary judgment before discovery was complete where discovery had been in progress for at least six months, the trial judge had concluded that defendants were answering the interrogatories in good faith and declined to impose sanctions, plaintiff had ample time to gain useful information and filed new interrogatories only after receiving notice of the summary judgment motions, and the trial court ruled

as a matter of law that no genuine issue of material fact existed. The rule that summary judgment should not be granted while discovery is pending presupposes that any information gleaned will be useful.

**6. Rules of Civil Procedure § 60.2— denial of motion for relief—issues not raised in trial court—no abuse of discretion**

    In an action to recover on a brokerage contract, the court did not abuse its discretion in denying plaintiff's Rule 60(b)(6) motion for relief based on the failure of the court or counsel to raise the issue of whether defendant had procured a ready, willing, and able buyer. Plaintiff was not prevented from raising the issue and it is not the duty of the court to raise issues and litigate cases for the parties.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 20 June 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 28 August 1984.

Plaintiff filed this action to recover a brokerage commission alleging fraud, conspiracy to defraud, misrepresentation, and unfair trade practices. Plaintiff, a licensed real estate broker, was hired during the fall of 1979 by the defendants to procure buyers for various apartment complexes owned and operated by the defendants. On 11 December 1979, the parties entered into an agreement where defendants agreed to pay plaintiff two and one-half percent commission based on the gross consideration for property sold to any clients furnished by the plaintiffs. Pursuant to this agreement, plaintiff, Anthony J. Vaglio, arranged a meeting between the defendants and Calmark Asset Management, Inc. (hereinafter Calmark) on 6 March 1980. At this meeting, an oral offer to purchase property of the defendants was made. Plaintiff was then contacted and asked to accept a reduced commission, which he declined to do. There was no further communication between plaintiff and defendants.

The defendants and Calmark entered into a conditional sales agreement concerning the property listed with the plaintiffs. The agreement was conditioned: (1) upon the proposed property being approved by the limited partners of the owner; (2) upon the agreement of United Insurance Company to forebear enforcement of the due on sale clause contained in the prior note. Neither of the conditions were met and the property was never sold.

Plaintiff commenced this action in 9 February 1981 alleging that the conditional sales agreement was a contract to sell. On 9

March 1981, defendants filed a motion for summary judgment. Between 9 March 1981 and 20 September 1982, affidavits were filed in support of the summary judgment motion by the defendants. Plaintiff on 21 October 1981 entered a voluntary dismissal as to defendants Calmark and George B. Brewster, but proceeded against the remaining defendants.

On 10 May 1982, the plaintiff filed a motion for imposition of sanctions against the defendants for failure to answer interrogatories. The court, in its order, found that the defendants had in good faith attempted to answer the interrogatories, but ordered the defendant to be more specific in answering certain interrogatories. The court declined to enter sanctions against the defendants. On 9 August 1982, plaintiff filed further interrogatories and requests for documents upon the defendant. Defendant filed a motion for protective order which was calendared for 24 August 1982. Defendants' summary judgment motion was calendared for 9 September 1982. Both motions were continued.

The summary judgment motion was then calendared for 20 September 1982. Plaintiff's attorney requested the Trial Court Administrator to place the Protective Order motion on the calendar for the same date. Thereafter, by letter dated 10 September 1982, defendants' attorney notified plaintiff's counsel of the request that both motions be heard on 20 September 1982. There was no objection by plaintiff's attorney. The motion for summary judgment was granted in favor of the defendants on 20 September 1982. Plaintiff filed Notice of Appeal more than ten days after judgment was entered, whereupon defendants filed a motion to dismiss the appeal. On 1 February 1983, plaintiff withdrew the Notice of Appeal. Thereafter, on 2 May 1983, plaintiff filed a motion to set aside the judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. On 22 June 1983, the trial court denied plaintiff's motion to set aside the judgment. From the denial of this motion, plaintiff appeals.

*Marc W. Sokol, for plaintiff appellant.*

*Bryant, Drew, Crill & Patterson, P.A., by Victor S. Bryant, Jr., for defendant appellee.*

JOHNSON, Judge.

[1]  This is an appeal from an action to obtain relief from judgment pursuant to Rule 60(b)(1), (3) and (6) of the Rules of Civil Procedure. G.S. 1A-1. The rule, in pertinent part, reads as follows:

(b)  Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(6) Any other reason justifying relief from the operation of the judgment. . . .

In denying the plaintiff's 60(b) motion, the trial court did not make any findings of fact. Had it been requested to do so, it would have been error for the court not to have found the facts. *Sprinkle v. Sprinkle*, 241 N.C. 713, 86 S.E. 2d 422 (1955). However, absent a request it was not required to do so. G.S. 1A-1, Rule 52(a)(2). The record in the present case does not disclose any request that the court make findings of fact.

[2, 3]  The question for this court thus becomes whether, on the evidence presented to the trial court, the court could have made findings of fact sufficient to support its denial of plaintiff's motion. In support of the motion, plaintiff submitted affidavits on its behalf that the trial court examined. Plaintiff alleges in one instance that relief should be granted pursuant to Rule 60(b)(3) because the defendant misrepresented to the court the nonexistence of a contract. By plaintiff's own admission, he states that the document, "purportedly a contract," was brought to the attention of the court. There were no findings of fact made, but we must conclude that the trial judge did not take defendants' bare allegation of the nonexistence of a contract in its order to grant summary judgment and in the other order to deny plaintiff's motion for relief from judgment. The trial judge examined the document before him and decided as a matter of law that no contract

existed between the parties. From a careful reading of the record, there was sufficient evidence for the court below to deny plaintiff's motion for relief from judgment. In light of the judge's decision that no contract existed, we fail to find any fraud, misrepresentation or misconduct on the part of the defendants to warrant any relief. We find plaintiff's argument without merit.

[4]    Plaintiff next contends that relief should be granted on the ground of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(1). Specifically, plaintiff argues that he was effectively prevented from opposing the defendants' motion for summary judgment by failure of plaintiff's counsel to submit affidavits and other evidence on the motion due to the fact counsel did not know summary judgment would be heard on 20 September 1982. Plaintiff argues that his attorney's negligence and failure to file affidavits should not be imputed to him. We disagree.

> Where it appeared, upon the defendant's motion to set aside a default judgment, that the same had been regularly calendared for trial, the defendant had notice thereof and was afforded full opportunity to file his answer, but that his attorney had failed to do so, his attorney's negligence was imputed to him. His neglect was not excusable.

*Dishman v. Dishman*, 37 N.C. App. 543, 246 S.E. 2d 819 (1978) (citing *Gaster v. Thomas*, 188 N.C. 346, 124 S.E. 609 (1924)). The motion for summary judgment was filed on 9 March 1981 and was originally calendared in the trial court for 9 September 1982. This was ample time for the plaintiff to file affidavits in opposition to the motion. Although the motion was originally calendared to be heard 9 September 1982, it was continued and not heard until 20 September 1982, affording the plaintiff further opportunity to file affidavits. Also, the record reveals sufficient evidence that plaintiff had notice: (1) by the motion being calendared for 9 September 1982 and being continued; (2) by receiving notice from opposing counsel. There was no evidence of any objection by plaintiff's attorney. We do not find that plaintiff's attorney was surprised by the hearing of the motion nor do we find plaintiff's actions excusable.

[5]    Plaintiff contends that the court erred in denying the motion to set aside the judgment where discovery was still pending when the summary judgment motion was granted. "Ordinarily it is

error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 256 S.E. 2d 216 (1979). The trial court is not barred in every case from granting summary judgment before discovery is completed. *Joyner v. Hospital*, 38 N.C. App. 720, 248 S.E. 2d 881 (1978). The decision to grant or deny a continuance [of discovery proceedings] is solely within the discretion of the trial judge, and his decision will not be reviewed absent a manifest abuse of discretion. *Manhattan Life Ins. Co. v. Miller Machine Co.*, 60 N.C. App. 155, 298 S.E. 2d 190 (1982), *cert. denied*, 307 N.C. 697, 301 S.E. 2d 389 (1983). At the time summary judgment was granted, discovery had been in progress for at least six months. The trial judge concluded that the defendants were answering the plaintiff's interrogatories in good faith and declined to enact sanctions against the defendants. Plaintiff had ample time to gain useful information from the discovery proceedings and only after plaintiff had received notice of the summary judgment motions were new interrogatories filed. The trial court ruled as a matter of law that no genuine issue of a material fact existed, thus no useful information could have been gained through discovery. The rule that summary judgment should not be granted while discovery is pending, presupposes that any information gleaned will be useful. *Manhattan Life, supra*, at 159, 298 S.E. 2d at 193. In light of these facts, the trial court was correct in its granting of summary judgment before discovery was complete and we find no abuse of discretion.

[6] Plaintiff's final contention is that the court abused its discretion by not granting relief pursuant to 60(b)(6) when neither the court nor counsel raised the issue of whether the plaintiff had procured a ready, willing, and able buyer. "While Rule 60(b)(6) has been described as 'a grand reservoir of equitable power to do justice in a particular case,' (citation omitted), it should not be 'catch-all' rule." (Citation omitted.) Courts have the power to vacate judgments when such is appropriate, yet they should not do so under Rule 60(b)(6) except in extraordinary circumstances and after a showing that justice demands it. *Equipment Co. v. Albertson*, 35 N.C. App. 144, 240 S.E. 2d 499 (1978). Plaintiff was not prevented from raising the issue of whether a ready, willing

and able buyer was procured. It is not the duty of the trial court to raise issues and litigate cases for parties. Plaintiff failed to raise the issue at the hearing on the motion and cannot now argue that as an extraordinary reason to obtain relief under Rule 60(b)(6).

A motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure is addressed to the sound discretion of the trial court and its decision is not reviewable on appeal absent a showing of abuse of its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). We have reviewed the entire record and fail to find any abuse of discretion.

Affirmed.

Judges WEBB and PHILLIPS concur.