JAMES E. EVANS AND WIFE, MRS. EVANS v. R. A. APPERT AND WILSON MEMORIAL HOSPITAL, INC.

No. 887SC14

(Filed 20 September 1988)

1. **Physicians, Surgeons, and Allied Professions § 17— malpractice—applicable standard of care—summary judgment proper**

    The trial court properly entered summary judgment for defendant in a medical malpractice action where defendant showed that plaintiffs failed to produce sufficient evidence of the applicable standard of care, of a breach of that standard of care, and that the damages suffered by them were proximately caused by defendant.

2. **Physicians, Surgeons, and Allied Professions § 17— malpractice—applicable standard of care not shown—summary judgment proper**

    Testimony by one of plaintiff's expert witnesses in a medical malpractice case that he was familiar with the standard of care for the diagnosis and treatment of plaintiff's condition by orthopedic surgeons, and testimony by another expert witness which made no reference at all to the standard of care for orthopedic doctors in Wilson, N. C., was insufficient to show what the standard of care was, and the trial court therefore properly granted defendant's motion for summary judgment.

3. **Rules of Civil Procedure § 56.2— summary judgment granted before discovery complete—no error**

    The trial court did not abuse its discretion in granting defendant's motion for summary judgment before discovery was complete where the action had been pending for one year; although the deposition of an expert witness had

Evans v. Appert

been concluded, it had not yet been completed by the court reporter; and the information contained in the testimony could have been made available to the court for its review in some form.

Judge PHILLIPS concurs in the result.

APPEAL by plaintiffs from *Preston, Judge.* Judgment entered 24 August 1987 in Superior Court, WILSON County. Heard in the Court of Appeals 11 May 1988.

*R. Marie Sides, Chris Kremer and James T. Bryan, III, for plaintiff-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by John D. Madden and C. Ernest Simons, Jr., for defendant-appellee, R. A. Appert.*

JOHNSON, Judge.

This is a medical malpractice action instituted by plaintiffs, Mr. and Mrs. James E. Evans, against defendants R. A. Appert and Wilson Memorial Hospital, Inc.

On 22 August 1983, plaintiff, James Evans, was admitted to Wilson Memorial Hospital for reduction of his fused right hip and the installation of an artificial joint. Dr. Appert performed surgery on plaintiff on 23 August 1983. During surgery, Dr. Appert encountered an abnormal amount of bleeding and, as a result, he decided to stop the surgery and to resume it at a later date.

On 29 August 1983, Dr. Appert operated on Evans for completion of his hip replacement surgery. He replaced Evans' right hip and nerve with a hip prosthesis allegedly oriented in the wrong direction. Over the next several months, Evans complained of pain in his right hip. Eventually, Evans went to North Carolina Memorial Hospital in Chapel Hill to seek additional treatment, and in May 1984, Dr. Paul Lachiewicz reoperated on Evans' right hip.

On 19 June 1986, plaintiffs filed their complaint against defendants. On 23 July 1986, defendant Appert served upon plaintiffs his first set of interrogatories, which requested, *inter alia,* the identity of plaintiffs' expert witnesses. On 26 August 1986, plaintiffs served their responses to these interrogatories indicating that their expert witnesses had not yet been determined.

On 12 June 1987, plaintiffs served upon defendant Appert their first request for admissions and a second set of interrogatories. Defendant Appert's verified responses to the same were served on 14 July 1987.

On 16 July 1987, plaintiffs supplemented their response to Dr. Appert's first set of interrogatories and identified Dr. Hyatt, Dr. Glascock and Dr. Laskin as expert witnesses. On 6 August 1987, Dr. Appert filed a motion for further discovery, to allow his counsel to take the depositions of Drs. Hyatt and Laskin. On 14 August 1987, the trial court granted this motion. On 12 August 1987, Dr. Appert filed a motion for summary judgment along with his own supporting affidavit.

On 14 August 1987, plaintiffs further supplemented their responses to Dr. Appert's first set of interrogatories by expanding the scope of Dr. Glascock's role as an expert witness. On 21 August 1987, Dr. Appert filed a motion to exclude the testimony of Drs. Hyatt and Laskin at the trial scheduled to begin on 24 August 1987, on the basis that these individuals had not been made available for their discovery deposition as required by the trial court's order of 14 August 1987. On the same day, Dr. Appert filed a motion to exclude Dr. Glascock's testimony. On 21 August 1987, plaintiffs served a copy of Dr. Glascock's affidavit upon Dr. Appert in opposition to his motion for summary judgment.

On 24 August 1987, the trial court heard Dr. Appert's motion for summary judgment and to exclude the testimonies of Drs. Glascock, Hyatt and Laskin. The trial court granted Dr. Appert's motion to exclude to the extent that it gave plaintiffs thirty days to make Drs. Hyatt and Laskin available for their depositions, if this case was not going to be tried during the 24 August term of court. The court also ruled that if plaintiffs failed to make Drs. Hyatt and Laskin available for the taking of their depositions, within the allotted thirty days, their testimonies would be excluded from any eventual trial in the matter.

The second half of Dr. Lachiewicz's deposition was not yet on file, and plaintiffs' counsel moved for a continuance to enable the trial court to review it after it was typed by the court reporter. The trial court denied plaintiffs' motion to which they excepted. The trial court then granted Dr. Appert's motion for summary

judgment after having considered the various affidavits, including that of Dr. Harold Glascock, depositions of record, case authorities, memoranda, and arguments of counsel. The court further ruled that plaintiffs' action against defendant Wilson Memorial Hospital, Inc. be stayed pending the outcome of this appeal. Plaintiffs' appeal is from entry of summary judgment in favor of defendant Appert.

Plaintiffs bring forth three Assignments of Error for this Court's review. For the following reasons, we affirm the judgment of the trial court.

[1] By their first Assignment of Error, plaintiffs contend that the trial court erred in granting summary judgment for Dr. Appert since there were patent doubts as to the credibility of his sole supporting affidavit, and Dr. Appert failed to carry his burden of demonstrating the absence of genuine issues of material fact. We cannot agree.

In a medical malpractice action, the plaintiff must prove that the defendant breached the applicable standard of care, and that the defendant's treatment proximately caused the injury. *Ballenger v. Crowell*, 38 N.C. App. 50, 54, 247 S.E. 2d 287, 291 (1978). Summary judgment is rarely appropriate in negligence cases. *Beaver v. Hancock*, 72 N.C. App. 306, 324 S.E. 2d 294 (1985). In support of his motion for summary judgment, defendant Appert had the initial burden of showing that an essential element of plaintiffs' case did not exist as a matter of law or showing, through discovery, that plaintiffs could not produce evidence to support an essential element of their claim. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Plaintiffs were then required to produce a forecast of evidence showing the existence of a genuine issue of material fact with respect to the issues raised by the movant. *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E. 2d 355 (1985).

Defendant Appert supported his motion by submitting his own affidavit. Plaintiffs contend that defendant Appert's affidavit is insufficient to support his motion because his testimony is "circumstantially suspicious" and his credibility is "inherently suspect." Plaintiffs contend that the affidavit is "suspicious" because defendant Appert fails to deny negligence regarding the ab-

normal amount of bleeding which was encountered during the 23 August 1983 surgery.

After carefully reviewing defendant Appert's affidavit, we do not find that it is inherently suspect. Dr. Appert met his burden of proof on his motion for summary judgment by showing that plaintiffs had failed to produce sufficient evidence of the applicable standard of care, of a breach of that standard of care, and that the damages suffered by them were proximately caused by defendant Appert. Thus, plaintiffs' assignment of error is overruled.

[2] By their second Assignment of Error, plaintiffs contend that the trial court erred in granting summary judgment for defendant Appert because there were genuine issues of material fact as to the elements of their claim for medical malpractice against him. Plaintiffs contend that this evidence of a material fact is raised in the affidavit of Dr. Harold Glascock and the deposition of Dr. Paul Lachiewicz. Again, we do not agree.

Because defendant Appert has shifted the burden to plaintiffs to establish a genuine issue of material fact, plaintiffs must offer sufficient evidence to establish the standard of care to which the defendant physician was held, a breach of that standard, proximate cause and damages. *Beaver, supra.*

In *Rorrer, supra,* our Supreme Court dealt with a legal malpractice action in which the plaintiff relied upon his expert witness' affidavit to resist defendant's motion for summary judgment. In *Rorrer,* plaintiff's expert witness testified, in his affidavit, that he was familiar with the standard of care applicable to the defendant, that the defendant did not comply with the existing standard of care, and that "the (alleged) departure from standards of care 'contributed greatly' " to the plaintiff's alleged damages. *Id.* at 362, 329 S.E. 2d at 370. The Court held that the attorney's affidavit was insufficient to forecast proof that defendant's preparation for, and conduct of, the medical malpractice trial was such that defendant breached his duty of reasonable care and diligence to plaintiff *because it failed to establish what the standard of care to which defendant was subject required him to do. Id.* at 356, 329 S.E. 2d at 366 (emphasis added).

Similarly, in the case *sub judice,* Dr. Glascock stated in his affidavit that he was "familiar with the standards of care for the

diagnosis and treatment of the plaintiff's mental and physical condition by board certified orthopedic surgeons such as Dr. Appert . . ." However, there is nothing in Dr. Glascock's affidavit which identifies what the applicable standard of practice is for orthopedic surgeons, or identifies what Dr. Appert was required to do in his care and treatment of plaintiff.

The deposition of Dr. Lachiewicz reveals that the type of operation performed by Dr. Appert is difficult and controversial and that there is a divergence of views on the proper procedure. In addition, in Dr. Lachiewicz's opinion, Dr. Appert was not negligent in performing the hip replacement surgery on Evans. Furthermore, there is not an iota of testimony by Dr. Lachiewicz as to what the standard of care is for orthopedic doctors in the city of Wilson, North Carolina. Thus, we believe that plaintiffs' inability to produce evidence of the applicable standard of care required the court to grant defendant's motion for summary judgment as it did.

Plaintiffs also contend that the doctrine of *res ipsa loquitur* applies to this case and that therefore defendant was not entitled to judgment as a matter of law. We conclude that the doctrine of *res ipsa loquitur* does not apply to the facts of the case *sub judice* and therefore overrule this argument.

[3] Finally, in plaintiffs' third Assignment of Error, they contend that the trial court abused its discretion by granting summary judgment before discovery was complete. We do not agree.

On the day of the hearing at which summary judgment was granted, the second half of Dr. Lachiewicz's deposition had not yet been reduced to writing and added to the court's file. Plaintiffs informed the trial court of this fact and unsuccessfully moved for a continuance pursuant to G.S. sec. 1A-1, Rule 56(f), so that the trial court could consider the entire deposition before ruling on defendant's motion for summary judgment.

"Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E. 2d 216, 220 (1979). However, the trial court is not barred in

every case from granting summary judgment before discovery is completed. *Joyner v. Hospital,* 38 N.C. App. 720, 248 S.E. 2d 881 (1978). The decision to grant or deny a continuance is solely within the discretion of the trial court, and its decision will not be reversed absent a manifest abuse of that discretion. *Manhattan Life Insurance Co. v. Miller Machine Co.,* 60 N.C. App. 155, 298 S.E. 2d 190 (1982), *disc. rev. denied,* 307 N.C. 697, 301 S.E. 2d 389 (1983).

At the time when summary judgment was granted, the action had been pending for over one year. Although the deposition of Dr. Lachiewicz had been concluded, it had not yet been completed by the court reporter. Thus, information contained in the testimony could have been made available to the court for its review in some form. In light of this fact, we find no abuse of discretion by the trial court in granting defendant's motion for summary judgment before discovery was complete.

Accordingly, for all the aforementioned reasons, the judgment of the trial court is

Affirmed.

Judge SMITH concurs.

Judge PHILLIPS concurs in the result.