DIANE ELLISON GOODWIN, Administratrix of the Estate of ALAN BRYANT GOODWIN, Plaintiff v. THOMAS EDWARD CASHWELL, JR. AND GEORGE W. KLUGER, INC., Defendants

No. 9014SC659

(Filed 19 March 1991)

**Rules of Civil Procedure § 60.2 (NCI3d); Contracts § 49 (NCI4th) — error in structured settlement — motion to set aside denied — parol evidence not admissible**

The trial judge did not err by refusing to set aside a judgment approving a settlement agreement where a structured settlement was agreed upon for the deceased's three-year-old daughter; the settlement agreement and release were approved by the court; and defendants subsequently discovered that the annuity company had used the wrong birth date and the cost of the annuity was $130,000 more than the amount projected by defendants. Although defendants asserted mutual mistake, the settlement agreement simply sets forth the payments to be made by defendants and makes no representation as to the cost of the annuity to defendants. Moreover, the language of the settlement agreement provides a clear and unambiguous statement of the parties' intent and the parol evidence rule prohibits evidence of any prior agreements between the parties as to the cost of the annuity to defendants. N.C.G.S. § 1A-1, Rule 60.

**Am Jur 2d, Compromise and Settlement §§ 34, 48.**

APPEAL by defendants from order entered 22 March 1990 in DURHAM County Superior Court by *Judge George R. Greene.* Heard in the Court of Appeals 13 December 1990.

*Poe, Hoof & Reinhardt, by J. Bruce Hoof, for plaintiff-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Dan M. Hartzog and H. Lee Evans, Jr., for defendant-appellants.*

WYNN, Judge.

In this appeal, defendants seek to overturn the order denying their motion for relief from a judgment approving a settlement made with plaintiff. For the reasons which follow, we affirm the decision of the trial judge.

GOODWIN v. CASHWELL

[102 N.C. App. 275 (1991)]

I

Alan Bryant Goodwin was killed in an automobile accident in July of 1988. His widow, Diane Ellison Goodwin, was appointed administratrix of his estate and filed a wrongful death action against defendants, Thomas Edward Cashwell and George W. Kluger, Inc., the driver and owner of the tractor-trailer involved in the accident with Mr. Goodwin.

Prior to trial, a representative of the defendants' insurer, Continental Insurance Company ("Continental") and the plaintiff's attorney, Mr. William L. Thorpe, engaged in settlement negotiations. A preliminary understanding was reached between Continental and Mr. Thorpe that Continental would offer to settle the case for $800,000.00 payable in one of two ways: 1) a lump-sum payment of $800,000.00 or 2) a payment of $500,000.00 and a structured settlement providing payments to Mr. Goodwin's three-year-old daughter, Ellison.

In order to make the structured settlement offer, Continental obtained a proposal from an annuity company, Settlement Options, Inc. Based upon the prevailing interest rates in December of 1988 and Ellison's date of birth, the annuity company proposed an annuity that would pay Ellison $2,500.00 per year until her seventeenth birthday at which time her yearly payments would increase to $19,250.00 for the next six years. The annuity would make one-time payments of over $500,000.00 at age twenty-five, over $1,000,000.00 dollars at age thirty and a final payment of over $1,000,000.00 dollars at age thirty-five.

Continental communicated the structured settlement proposal to Mr. Thorpe in a letter. Based upon this information, plaintiff decided to settle the case and to accept the structured settlement option. The parties executed a settlement agreement and release which was subsequently approved by order of Superior Court Judge I. Beverly Lake, Jr.

After judgment was entered approving the agreement, defendants discovered that the annuity company, in making its calculations, erroneously used the date 30 March 1988 as Ellison's date of birth instead of her actual birthdate of 30 March 1983. As a result of this error, the actual cost of the annuity was $130,000.00 more than the amount projected by the defendants.

GOODWIN v. CASHWELL

[102 N.C. App. 275 (1991)]

The settlement agreement stated the correct date of birth and apparently, Mrs. Goodwin was unaware that the incorrect birth-date had been used to calculate the structured settlement payments. Defendants tried unsuccessfully to resolve the matter with plaintiff. On 2 January 1990, nearly a year after the judgment was entered, the defendants filed a motion for relief from judgment pursuant to N.C. R. Civ. P. 60 seeking to have the order approving the settlement set aside. From the denial of that motion, defendants appeal.

II

Defendants' sole assignment of error on appeal is the trial court's denial of their motion to set aside the judgment approving the settlement agreement reached between the parties. They contend that the trial judge abused his discretion in denying the motion to set aside the judgment because the present value of the settlement was much greater than the amount agreed to by the parties due to an error by the annuity company, "unbeknownst to the parties." As such, they further argue that the error resulted from a mutual mistake of fact and therefore the trial judge should have allowed parol evidence of the parties' negotiations in this case to determine the "parties true intentions." For the following reasons, we affirm the decision of the trial judge denying the motion to set aside the judgment.

A motion for relief from an order made pursuant to N.C. R. Civ. P. 60 is addressed to the sound discretion of the trial judge and on appeal our review is limited to determining whether the trial judge abused his discretion. *Greenhill v. Crabtree*, 45 N.C. App. 49, 262 S.E.2d 315, *aff'd*, 301 N.C. 520, 271 S.E.2d 908 (1980).

In support of the motion to set aside the judgment, the defendants first assert a claim of mistake of fact pursuant to N.C. R. Civ. P. 60(b)(1). To rescind a judgment due to mistake of fact, there must be a mutual mistake of fact. "A unilateral mistake, unaccompanied by fraud, imposition, undue influence, or like oppressive circumstances, is not sufficient to void a contract or conveyance." *Financial Services v. Capitol Funds*, 288 N.C. 122, 136, 217 S.E.2d 551, 560 (1975).

The defendants contend that the mistake was mutual in that both parties agreed to purchase an annuity for $300,000.00 and that both parties were mistaken as to the actual future payments

that the decedent's child would receive from the annuity based on a present value of $300,000.00, based on figures received from the annuity company. But the evidence supports, and the trial judge found as fact, that the settlement agreement makes no representation as to the cost of the annuity to defendants. The agreement does not set forth a present value for the settlement; but rather, it provides for a lump-sum payment of $500,000.00 and periodic payments to the minor child without reference as to the actual cost of the periodic payments. In short, the agreement simply sets forth the payments to be made by the defendants to Mrs. Goodwin and the decedent's child. The defendants' allegation that the mistake as to the present value of the annuity was mutual, is not evident in the settlement agreement.

Defendants also seek relief from the order approving the settlement under Rule 60(b)(6) which provides that the court may provide relief from a judgment for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is not a catch-all rule although it has been described as a "grand reservoir of equitable power to do justice in a particular case." *Vaglio v. Town & Campus Int'l, Inc.*, 71 N.C. App. 250, 255, 322 S.E.2d 3, 7 (1984) (citations omitted). In order to be entitled to relief under Rule 60(b)(6) the movant must show that (1) extraordinary circumstances exist and that (2) "justice demands" such relief. *Id.* at 255, 322 S.E.2d at 6.

The defendants in this case contend that the trial judge should have allowed parol evidence of the parties' negotiations to determine their true intentions. This evidence, the defendants argue, would have supported their assertion that the mistake was mutual and further established a basis for equitable relief under Rule 60(b)(6). The defendants thereby contend that the parol evidence rule does not bar evidence of the parties' negotiations to show that the parties mutually agreed and intended to have the defendants purchase an annuity at a cost of $300,000.00.

North Carolina's Parol Evidence Rule provides that:

Any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superseded and made legally ineffective by the writing. The execution of the final writing may be termed the "integration" of the transaction. By it all prior and contemporaneous negotiations or agreements, whether oral or written, are "merged" into the writing, which thus becomes the exclusive source of the

## GOODWIN v. CASHWELL

[102 N.C. App. 275 (1991)]

parties' rights and obligations with respect to the particular transaction or the part thereof intended to be covered by it.

2 Brandis, *North Carolina Evidence* (3rd Rev. Ed. 1982), § 251 at pp. 294-95.

Here, the settlement agreement of the parties provides in pertinent part as follows:

*Release and Discharge*

In consideration of the payments called for herein, the Plaintiff completely releases and forever discharges the Defendant . . . from any and all past, present or future claims, demands, obligations, actions, causes of action . . . which the Plaintiff now has, or which may hereafter accrue . . . . This Release . . . shall be a fully binding and complete settlement between the Plaintiff, the Defendant and the Insurer . . . .

. . . .

*Entire Agreement and Successors in Interest*

This Settlement Agreement contains the entire agreement between the Plaintiff, the Defendant and the Insurer with regard to the matters set forth herein and shall be binding upon and enure to the benefit of the executors, administrators, personal representative, heirs, successors and assigns of each.

The language of this settlement agreement provides a clear and unambiguous statement of the parties' intent; the settlement agreement was intended to be the final expression of the agreement between the parties. The prior negotiations and discussions of the parties which the defendants contend show an intent to limit the cost of the structure to $300,000.00 are superseded and made legally ineffective. As a consequence, in this case, the parol evidence rule prohibits evidence of any prior agreements between the parties as to the cost of the annuity to the defendants. *See, e.g., Clifford v. River Bend Plantation, Inc.*, 312 N.C. 460, 323 S.E.2d 23 (1984).

In sum, the evidence supports the contention that the mistake resulting in a greater cost for the annuity was a unilateral mistake and not one of mutuality. Moreover, the defendants have failed to show that parol evidence is admissible to support their contention that a mutual mistake of fact occurred for which they are entitled to equitable relief. The foregoing leads us to the conclusion

that the trial judge acted within his sound discretion in denying the defendants' motion to set aside the judgment.

For the foregoing reasons, the judgment of the trial judge is

Affirmed.

Judges PHILLIPS and EAGLES concur.