TRAXLER, Circuit Judge,
concurring and dissenting.
I concur in the result reached in part IV, and I also concur in the result reached in part V as to Jeffress’s subject matter jurisdiction claims. However, I believe the district court improperly granted summary judgment against Jeffress’s claim of medical malpractice and improperly excluded her expert witness’s deposition testimony. Accordingly, I respectfully dissent from part II and part III of the majority opinion.
I.
A motion for summary judgment should only be granted when “there is no genuine issue as to any material fact.” Fed. R.Civ.P. 56(c). A genuine issue of material fact exists if the evidence could lead reasonable people to different conclusions. Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co., 381 F.2d 245, 249 (4th Cir.1967). Furthermore, a court should not grant summary judgment “unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances.” Id. at 249.
Under North Carolina law, summary judgment for a defendant doc-tor in a medical malpractice action may be appropriate where the plaintiff “fail[s] to produce sufficient evidence of the applicable standard of care, of a breach of that standard of care, and that the damages suffered ... were proximately caused” by the defendant doctor. Evans v. Appert, 91 N.C.App. 362, 372 S.E.2d 94, 96 (N.C.Ct. App.1988). “Expert testimony is ... typically required to establish the degree of care and skill required, any departure *636 from th[e] standard [of care], and the causal relationship between the departure from the standard and the harm incurred by the plaintiff.” Bailey v. Jones, 112 N.C.App. 380, 435 S.E.2d 787, 792 (N.C.Ct.App.1993) (quoting 3 Charles Kramer, Medical Malpractice ¶ 29.01[1] (1990)). In order to prove causation, “the plaintiff must introduce evidence affording ‘a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result.’ ” Shumaker v. United States, 714 F.Supp. 154, 162 (M.D.N.C.1998) (quoting Waffen v. United States Dept. of Health & Human Servs., 799 F.2d 911, 918 (4th Cir.1986)). The district court concluded that the plaintiff did not present sufficient evidence to establish causation and damages. I respectfully disagree.
Plaintiff submitted an affidavit and the deposition testimony of one of her medical experts, Dr. Stratas, to establish causation and damages. Dr. Stratas reviewed Jeffress’s medical records in connection with this claim, including: defendants’ process notes; Charter Hospital notes for plaintiff’s treatment in psychiatric care in 1994 with Dr. Cooper; hospitalization records of Jeffress in 1995-6; and plaintiff’s declarations. The Federal Rules of Evidence permit an expert to base his opinion on “[t]he facts or data ... perceived by or made known to the expert at or before the hearing.” Fed.R.Evid. 703. Dr. Stratas was not required to base his opinion on a firsthand examination of the plaintiff. There are three possible sources of information from which Dr. Stratas could derive his expert opinion: firsthand observation, presentation at trial, and presentation of data outside of court. See Fed.R.Evid. 703 advisory committee’s note. The third source contemplates that an expert, especially a medical expert, is much like a physician who
bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions by nurses, technicians and other doctors, hospital records, and X rays____ The physician makes life-and-death decisions in reliance upon them. His validation, expertly performed and subject to cross-examination, ought to suffice for judicial purposes.

Id.

Rather than offer conclusory statements, Dr. Stratas considered the facts of Jeffress’s treatment and, based on his experience with similar patients, opined that “because of what happened at Triad ... it is highly likely that ... [Jeffress’s] conditions developed.” J.A. 590. While he was cognizant of the other stressors in Jeffress’s life, he opined that “the treatment rendered to Mrs. Jeffress ... violated [her] and she ... suffers and will continue to suffer the consequences.” J.A. 471. As to damages, Dr. Stratas further stated that sleeplessness and gastrointestinal problems, both injuries claimed by Jeffress, were typical “psychiatrically-related complaints.” J.A 590.
This testimony, while not as exact as one would prefer, was sufficient in my opinion to preclude summary judgment. I therefore dissent from the majority’s conclusion that the district court properly granted summary judgment against Jeffress’s medical malpractice claims.
II.
While I commend the district court on doing yeoman’s work managing this “most exasperating case” and its numerous discovery disputes, I believe that the district court erred when it excluded the deposition testimony of one of the plaintiff’s experts.
The district court had issued an order regarding the taking of Dr. Wolpert’s tes *637 timony and allowed defense counsel to depose Jeffress’s expert at the “usual hourly expert witness fee not to exceed $500.00 per hour for 2 hours.” J.A. 227-28. Prior to and during this deposition, Jeffress’s counsel warned defense counsel that Dr. Wolpert would stop his testimony after two hours. And when the two hours were up Dr. Wolpert concluded his deposition. Although defense counsel objected to this termination, there is no evidence counsel sought to guarantee pay to Dr. Wolpert commensurate with the continuation of the deposition, nor is there any indication that defense counsel sought intervention of the court. Instead, when trial time came, defense counsel objected to any use of Dr. Wolpert’s testimony by Jeffress. The district judge sustained the objection and prohibited Jeffress from utilization of Dr. Wolpert’s testimony stating “it just seems grossly unfair that a witness can call off his deposition, say[ing] T am not going to testify any more.’ ” J.A. 695-96.
Respectfully, I believe the total exclusion of the testimony from Jeffress’s expert was unwarranted. First, the judge in his order set what reasonably would appear to be a time limit of two hours. There is nothing in the record upon which to base any conclusion other than the order meant what it said. Second, if there was a belief on the part of defense counsel that the deposition should be extended and there was a legitimate desire to do so, in my opinion it was incumbent upon defense counsel, not Jeffress’s counsel, to secure from the court any necessary clarification and authorization to proceed beyond the two hours. Yet it was Jeffress who was punished.
By refusing to allow Jeffress to present Dr. Wolpert’s testimony, the district court effectively sanctioned Jeffress. Based on what I have said above, I can see nothing that Jeffress did wrong, much less anything so wrong that would warrant the complete exclusion of her expert’s testimony. To me the issue cannot be resolved by deferring to the district judge’s after-the-fact interpretation of his order. The order was, in my judgment, clear on its face and limited the length of the deposition to two hours. Consequently, I believe the real question is whether Jeffress was reasonable in her interpretation of what the judge had said in his instructions in setting up the deposition. In my view, she was indeed reasonable in her belief and the sanction of exclusion was not justified.