N.C. Acupuncture Licensing Bd. v. N.C. Bd. of Physical Therapy Exam'rs, 2016 NCBC 47.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 12012

NORTH CAROLINA ACUPUNCTURE
LICENSING BOARD,

       Plaintiff,

v.

NORTH CAROLINA BOARD OF
PHYSICAL THERAPY EXAMINERS,
ELIZABETH HENRY, AART
SCHULENKLOPPER, CORNERSTONE
PHYSICAL THERAPY, INC., and
JESSAN HAGER,

       Defendants.

**ORDER & OPINION ON PLAINTIFF'S
RULE 59(e) AND RULE 60(b) MOTION**

{1} **THIS MATTER** is before the Court upon Plaintiff North Carolina Acupuncture Licensing Board's ("Plaintiff" or "Acupuncture Board") Rule 59(e) Motion to Alter or Amend Order and Rule 60(b) Motion for Relief from Order (the "Motion") in the above-captioned case. For the reasons discussed below, the Court **DENIES** the Motion.

*Everett Gaskins Hancock, LLP, by E.D. Gaskins, Jr. and James M. Hash, and Stevens Martin Vaughn & Tadych, PLLC, by Michael J. Tadych, for Plaintiff North Carolina Acupuncture Licensing Board.*

*Ellis & Winters LLP, by Matthew W. Sawchak, Troy D. Shelton, and Stephen Daniel Feldman, for Defendant North Carolina Board of Physical Therapy Examiners.*

*Poyner Spruill LLP, by Andrew H. Erteschik, Caroline P. Mackie, and John Michael Durnovich, for Defendants Elizabeth Henry, Aart Schulenklopper, Cornerstone Physical Therapy, Inc., and Jessan Hager.*

Bledsoe, Judge.

## I.

## BACKGROUND

{2}   The Acupuncture Board's Motion moves the Court to alter, amend, or grant relief from the Court's Order and Opinion on Defendants' Motions to Dismiss, reported at *North Carolina Acupuncture Licensing Board. v. North Carolina Board of Physical Therapy Examiners*, 2016 NCBC LEXIS 33 (N.C. Super. Ct. Apr. 26, 2016) (hereinafter, the "April 26 Opinion").   In its April 26 Opinion, the Court dismissed the Acupuncture Board's Amended Complaint by granting two motions to dismiss (the "Motions to Dismiss"), one brought by Defendant North Carolina Board of Physical Therapy Examiners (the "Physical Therapy Board") and the other brought by Defendants Elizabeth Henry, Aart Schulenklopper, Cornerstone Physical Therapy, Inc., and Jessan Hager (collectively, the "Private Defendants").

{3}   The Acupuncture Board's Amended Complaint sought a declaratory judgment from the Court that the practice known as "dry needling" is a form of acupuncture over which the Acupuncture Board has exclusive licensing powers. The Acupuncture Board further sought a permanent injunction barring the Physical Therapy Board and the Private Defendants from regulating and practicing dry needling, respectively.   April 26 Opinion, at *2.   The Court dismissed the Amended Complaint pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(2), concluding that this Court lacked subject matter and personal jurisdiction. April 26 Opinion at *27.

{4}   In particular, the Court determined that it lacked subject matter jurisdiction because the Acupuncture Board had failed to exhaust its administrative remedies under North Carolina's Administrative Procedure Act, N.C. Gen. Stat. § 150B-1, *et seq.*, which is a matter of standing.   April 26 Opinion at *10 (citing *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 220, 517 S.E.2d 406, 410 (1999)).   The Physical Therapy Board alleged in its Motion to Dismiss that the Acupuncture Board had failed to exhaust administrative remedies because it did not seek a declaratory ruling pursuant to section 150B-4 or file a petition for rulemaking pursuant to section 150B-20, either of which remedy the Physical

Therapy Board alleged was available to the Acupuncture Board and would have entitled the Acupuncture Board to judicial review under the Administrative Procedure Act. (PT Board's Br. Supp. Mot. Dismiss 12.) The Court agreed.

{5} The Acupuncture Board filed the Motion on May 6, 2016, moving the Court to clarify whether the Acupuncture Board is required to pursue administrative remedies under section 150B-4, 150B-20, or both. The Motion has been fully briefed and is now ripe for resolution.[1]

II.

LEGAL STANDARD

{6} Rule 59 of the North Carolina Rules of Civil Procedure allows a party to move the Court to alter or amend a judgment under any of nine enumerated grounds listed in Rule 59(a). N.C. R. Civ. P. 59. A Rule 59 motion to alter or amend a judgment is addressed to the sound discretion of the trial court. *Hamlin v. Austin*, 49 N.C. App. 196, 197, 270 S.E.2d 558, 558 (1980). The motion "must 'state the grounds therefor' and the grounds stated must be among those listed in Rule 59(a)." *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417 (1997) (quoting N.C. R. Civ. P. 7(b)(1)); *N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. 466, 470, 645 S.E.2d 105, 108 (2007) (dismissing a Rule 59(e) motion as deficient under Rule 7(b)(1) when "the basis of the motion was not apparent from the grounds listed, leaving the trial court and the opposing party to guess what the particular grounds might be").

{7} Rule 60(b) permits the Court, if one or more of the enumerated grounds are satisfied, to "relieve a party or his legal representative from a final judgment, order, or proceeding." N.C. R. Civ. P. 60(b). Like a Rule 59(e) motion, a Rule 60(b) motion is addressed to the sound discretion of the trial court. *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

---

[1] Pursuant to Business Court Rule 15.4(a), the Court decides the Motion without oral argument.

III.

ANALYSIS

{8}    In its brief supporting the Motion, the Acupuncture Board requests that the Court "alter, amend, or otherwise clarify the [April 26] Opinion to make explicit that the Court's holding is that the Acupuncture Board can pursue administrative remedies under either, but is not required to pursue both, section 150B-4 and 150B-20." (Pl.'s Br. Supp. Rule 59 and 60 Mot.  3.)  The Acupuncture Board requests this relief because it considers a statement made in Paragraph 37 of the April 26 Opinion to be confusing and contradictory.  The Court finds it appropriate to reproduce that paragraph here in its entirety:

> Therefore, because the Acupuncture Board has brought this suit without seeking relief from the Physical Therapy Board under section 150B-4 and 150B-20, which are adequate remedies available to it, the Acupuncture Board has not exhausted its administrative remedies under the Administrative Procedure Act.  The Court therefore concludes that it lacks subject matter jurisdiction over this action and grants the Physical Therapy Board's Motion to Dismiss under Rule 12(b)(1).

April 26 Opinion, at *24 (hereafter "Paragraph 37").

{9}    The Acupuncture Board claims this language directly contradicts an earlier statement in the April 26 Opinion explaining that "a declaratory ruling [issued pursuant to section 150B-4] is binding on the agency and the requestor, and the agency's ruling or its decision not to issue a ruling is immediately subject to judicial review," April 26 Opinion, at *20.  The Acupuncture Board also argues that the statement at issue in Paragraph 37 is contrary to binding North Carolina precedent, specifically *Porter v. N.C. Dep't of Ins.*, 40 N.C. App. 376, 379–80, 253 S.E.2d 44, 46–47 (1979), which the Acupuncture Board contends stands for the rule that "when a plaintiff has two available avenues of administrative relief, it can pursue either and is entitled to judicial review of either if an appeal right is afforded for an adverse decision under the Administrative Procedure Act." (Pl.'s Br. Supp. Rule 59 and 60 Mot.  3.)

{10}   The Court finds that the Acupuncture Board's Motion is without merit under both Rules 59(e) and 60(b) and should be denied.

{11}   First, the Court concludes that the Acupuncture Board has proceeded improperly under Rule 59(e) because the Acupuncture Board has failed to "specifically state which of the nine grounds in Rule 59(a) supports the motion." (PT Board's Mot. Opp. Rule 59 and 60 Mot. 4.)  A trial court acts properly within its discretion when it denies a Rule 59(e) motion for failure to identify under which grounds in Rule 59(a) it seeks relief.  *N.C. Alliance for Transp. Reform, Inc.*, 183 N.C. App. at 469–70, 645 S.E.2d at 108.  Although that principle may appear overly exacting, it is a logical application of North Carolina Rule of Civil Procedure 7(b)(1), which requires motions to state their grounds with particularity.  *Id.*  The Acupuncture Board has not identified the grounds justifying the requested relief, and it is not apparent to the Court which, if any, of the justifications would apply.

{12}   In addition to the specific grounds listed in subparts (1) through (8) of Rule 59(a), the Court may in its discretion grant a motion to alter or amend a judgment for "[a]ny other reason heretofore recognized as grounds for new trial."  N.C. R. Civ. P. 59(a)(9).  Even under that expansive provision, however, the Court cannot grant the requested relief because, more broadly, the Acupuncture Board essentially asks the Court to render an impermissible advisory opinion.  The Acupuncture Board states that it seeks clarification from the Court "in the form of an amended or supplemental order so that its path going forward is clear." (Pl.'s Br. Supp. Rule 59 and 60 Mot. 2.)  To advise on what path a litigant should take in future proceedings falls squarely within the definition of an impermissible advisory opinion.  "The courts have no jurisdiction to determine matters purely speculative, enter anticipatory judgments, declare social status, deal with theoretical problems, give advisory opinions, answer moot questions, adjudicate academic matters, provide for contingencies which may hereafter arise, or give abstract opinions."  *Little v. Wachovia Bank & Trust Co.*, 252 N.C. 229, 243, 113 S.E.2d 689, 700 (1960).  *See also Greensboro v. Wall*, 247 N.C. 516, 519, 101 S.E.2d 413, 416 (1958) (describing an advisory opinion as one which the parties might "put on ice to be used if and

when occasion might arise"). The Court therefore denies the Motion under Rule 59(e).

{13} The Acupuncture Board's Rule 60(b) motion fails for similar reasons. The first five subparts of Rule 60(b) identify specific grounds for relief from judgment, including mistake, newly discovered evidence, fraud, and a void or satisfied judgment. N.C. R. Civ. P. 60(b)(1)–(5). None of these grounds apply to the Acupuncture Board's Motion, and the Acupuncture Board advances no argument to the contrary. Subpart (6) allows the Court to grant relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." N.C. R. Civ. P. 60(b)(6). Despite its sweeping language, however, this provision "is not a catch-all," and a movant seeking relief under Rule 60(b)(6) must show that extraordinary circumstances exist and that justice demands relief from judgment. *Goodwin v. Cashwell*, 102 N.C. App. 275, 278, 401 S.E.2d 840, 842 (1991) (citation omitted). *See also State ex rel. Envtl. Mgt. Comm'n v. House of Raeford Farms, Inc.*, 101 N.C. App. 433, 447, 400 S.E.2d 107, 116 (1991) (distinguishing a Rule 60(b)(6) motion for relief from judgment from a motion to amend a judgment). The Court concludes that the Acupuncture Board has not shown that extraordinary circumstances exist here, as the Acupuncture Board merely seeks clarification of the Court's April 26 Opinion in the event it confronts this same issue in a later proceeding. Therefore, the Court declines to grant the Motion under Rule 60(b) and its various subparts.

{14} Despite the above, the Court finds it appropriate to briefly discuss Paragraph 37. The Court disagrees that Paragraph 37 stands in contradiction with any other portion of the April 26 Opinion or with precedential case law. Nevertheless, if quoted out of context, as the Acupuncture Board has done here, Paragraph 37 could be read, inaccurately, to stand for a proposition which the Court disclaimed in other portions of the April 26 Opinion. The explanation of that context provided here does not alter any of the substantive rights of the parties as ordered in the April 26 Opinion, nor is the original meaning of the April 26 Opinion amended in any way.

{15} Paragraph 37 should be considered in the context of the facts alleged in the case. The Physical Therapy Board's Motion to Dismiss argued that the Acupuncture Board lacked standing to seek a declaratory judgment because it had failed to exhaust available administrative remedies. The Physical Therapy Board specifically argued that relief was available under either section 150B-4 or section 150B-20 of North Carolina's Administrative Procedure Act and that the Acupuncture Board had pursued neither remedy. In granting the Physical Therapy Board's Motion to Dismiss, the Court merely agreed with the Physical Therapy Board's arguments that by failing to seek relief under either section 150B-4 or 150B-20, the Acupuncture Board failed to pursue its available remedies. The posture of the Motions to Dismiss did not require the Court to decide what steps the Acupuncture Board must take to obtain judicial review under the Administrative Procedure Act or to gain standing to seek a declaratory judgment, and the Court therefore remained silent on that question. Here, as in the April 26 Opinion, the Court finds it unnecessary and improper to define what constitutes the exhaustion of administrative remedies for the Acupuncture Board given the current posture of this case.

IV.

CONCLUSION

{16} Based on the foregoing, the Court hereby **DENIES** the Acupuncture Board's Motion.

**SO ORDERED**, this the 24th day of June, 2016.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases