HOWE v. HALL.

(Filed April 23, 1901.)

APPEAL—*Exceptions—Time—Practice.*

> Where a verdict *non obstante veredicto* is reversed, the appellee
> can not appeal from a judgment entered on the remand and
> bring up exceptions taken at the original trial.

ACTION by S. B. Howe against J. G. Hall and David
Hemphill, receivers of the Chester and Lenoir N. G. R. R.
Co., and G. W. F. Harper, receiver of the Chester and Le-
noir N. G. R. R. Co., and the Carolina and Northwestern
Railway Company, heard by Judge *W. S. O'B. Robinson,*
at February Term, 1901, of GASTON County Superior
Court. From a judgment for the plaintiff, the defendants
appealed.

*Jones & Tillett,* for the plaintiff.
*J. H. Marion* and *O. F. Mason,* for the defendants.

MONTGOMERY, J. This case was tried at the August Spe-
cial Term, 1900, of the Superior Court of Gaston County,
before *Starbuck,* J., and a jury. After the plaintiff had in-
troduced his evidence, each of the defendants made a motion
for judgment dismissing the complaint as of nonsuit upon
the ground that the evidence had disclosed the fact that
neither of the defendants was the corporation, or the represen-
tative of the corporation, which had inflicted the injury com-
plained of by the plaintiff, and that the injury had in fact
been inflicted by a corporation which had not been sued. The
motion was refused, but was renewed when all the evidence on
both sides had been introduced. His Honor, desiring fur-
ther time for the purpose of examining certain records con-

·stituting a part of the evidence, before deciding the motion, the counsel agreed at his Honor's suggestion that the issues of fact be submitted to the jury and answered by them without prejudice, and that the question of law as to the liability of any or all of the defendants, raised by the motion, should be reserved for the subsequent determination of the Court out of term time.

The issues were therefore submitted to the jury, and they found that the "person or persons operating the Chester and Lenoir Railroad Company on March 31, 1894," had negligently injured the plaintiff to the extent of $500.

On the 18th day of September thereafter, Judge *Starbuck* rendered the judgment set out in the record, in which it was adjudged that the defendants were not liable to the plaintiff for the damages assessed by the jury; that the plaintiff take nothing by this action, and that the defendants go without ·day. The plaintiff appealed from this judgment, and this Court, at its September Term, 1900, reversed the judgment of the Superior Court, and held that the plaintiff was entitled to recover of the defendant, The Carolina and Northwestern Railroad Company, the amount of damages sustained by the plaintiff as fixed by the jury.

The opinion of this Court was duly certified to the Superior Court, and at the February Term, 1901, thereof, Judge *Robinson* presiding, a judgment was rendered in accordance with the opinion of this Court.

The present condition of this case, as it is now presented to us, furnishes an anomaly in the practice as regulated by our courts. It purports to be an appeal from a judgment rendered by Judge *Robinson* at the February Term, 1901, of the Superior Court of Gaston County, when in reality it is an appeal from a judgment rendered by Judge *Starbuck* at the August Special Term, 1900, of the Superior Court of that county between the same parties.

The defendants' appeal from the judgment of Judge *Robinson* is merely nominal, for there was no trial when that judgment was rendered, and the judgment was simply one following the decision of this Court in the appeal heard at the September Term, 1900. It was in reality entered for the purpose of bringing up, for a hearing before this Court, certain exceptions made by the plaintiff in the trial before Judge *Starbuck* to the rejection of certain evidence offered by the defendant in the trial before that Judge.

The course pursued by the defendant in the matter is a departure from both the statutory provisions in force in this State upon the subject of appeals to the Supreme Court and the settled practice of this Court, and can not be allowed. Upon the rendition of a final judgment in the Superior Court, any person aggrieved thereby may appeal to this Court, but he must do so within the time allowed under section 549 of The Code, and the statutes amendatory thereof, unless by an agreement of counsel the time be waived. There is no provision in our law by which a party, in an appeal from a judgment rendered at one term, can bring up for review to this Court exceptions pertaining to another trial where final judgment has been rendered, even though the trial be between the same parties and in the same action, thus holding in abeyance exceptions made at a former trial beyond the time allowed by law for appeal.

If a party, who has recovered judgment in the Superior Court, is so confident that the Supreme Court will affirm the judgment in his favor that he does not deem it necessary or worth his while to carry up, by his own appeal, his exceptions, it will be too late to complain when his adversary, the appellant on his appeal succeeds in having the judgment of the lower Court reversed. Such a course on the part of an aggrieved party, an appellee with exception, is attended with the risk that the judgment in his favor may be reversed by

the appellate court, in which event the benefit of his excep-
tions will be lost to him.

And there is no hardship in the requirement that, in each
trial where a final judgment is pronounced, the appeal shall
follow upon that judgment by the aggrieved party; and the
aggrieved party is the appellee who has filed exceptions as
well as the appellant against whom judgment has been ren-
dered.

If any other course were permitted the appellate Court
would be troubled, most probably, with inaccuracies of state-
ment in the record, uncertainties in the recollection of Judges
and attorneys as to what occurred on the various trials, and
complications that would invariably attend the statements of
the cases on appeal made out by the different Judges—all
embraced in one record.

The judgment of Judge *Robinson* is conclusive on the de-
fendant.   The defendants' appeal must be dismissed on the
motion made in this Court by plaintiff's counsel.

Appeal dismissed.