CHARLES S. RILEY & CO. v. W. T. SEARS & CO., INC.

(Filed 18 October, 1911.)

1. Appeal and Error—Second Appeal—Matters Concluded.

Questions which were well within the scope of the inquiry of the same case on a former appeal will not be considered on a second appeal, and the parties are concluded by the former decision.

2. Same—Vendor and Vendee—Insolvent Corporation—Purchase Subject to Laborer's Lien—Defenses.

The vendee of the assets of an insolvent corporation sold by the receiver, having purchased them subject to the liens given by the statute, Revisal, 1206, for labor done and services rendered within two months next preceding the institution of the proceedings in insolvency, resisted payment of the claims of these lienors; and on appeal to the Supreme Court it was ascertained that the claims were valid and judgment entered that the receiver pay them with whatever moneys of the corporation were on hand and collect the balance from the vendee and the surety on his bond given for their payment. On a second appeal: *Held*, the vendee was concluded, by the decision rendered on the first appeal, from further resisting payment to the receiver for the lienors, and the further defense that there were certain actions of tort then pending against the insolvent corporation is not available.

APPEAL from *Peebles, J.,* at April Term, 1911, of NEW HANOVER.

Civil action, heard on motion made in the cause. From judgment entered, plaintiff Riley & Co. excepted and appealed.

*Herbert McClammy for plaintiff.*
*Kenan & Stacy and E. K. Bryan for defendant.*

HOKE, J. On the hearing it appeared that this was an action by Riley & Co., holding a large claim against Sears Company, Incorporated, secured by mortgage as part of the assets, to dissolve the debtor corporation and distribute the assets according to law. In the progress of the cause sale was had of a large portion or all of the property, and Charles S. Riley & Co., creditor and mortgagee, became the purchaser at the price of $15,000, and after paying $2,000, an amount ascertained to be due under a mechanic's lien, gave bond in the sum

of $13,000, conditioned to pay such further claims as might be
established and declared as prior liens on the corporation assets.
It further appeared that certain persons, claiming to be cred-
itors by reason of wages due for labor performed for said cor-
poration within two months before proceedings instituted, filed
their petitions in the cause, asserting such claim, and, the same
being resisted by plaintiff, at May Term, 1910, of said Superior
Court, an issue was submitted and it was duly established that
the petitioners were due from defendant corporation certain
specified amounts as wages for work and labor and within the
sixty days, etc. Judgment was therefore formally entered for
these amounts, declaring same a prior lien on the property of
the corporation. The receiver was directed to pay the full
amount of these claims out of any moneys on hand, and if not
sufficient amount on hand for the purpose, that he collect same
from plaintiff, Charles S. Riley & Co., and on the bond given,
as stated. Plaintiff appealed from this order to Supreme
Court. The appeal was dismissed at Fall Term, 1910, and this
action of the Supreme Court having been certified down, plain-
tiff made further resistance to the order, claiming that payment
of the claims embodied in the former judgment cannot now be
properly made by reason chiefly of certain actions of tort now
pending against defendant corporation, and which might also
be declared liens on the assets. The court below being of
opinion that plaintiff's position was untenable, gave further
directions that the receiver proceed to collect the judgment, and
plaintiff excepted and again appealed to this Court.

Our statute in reference to these claims, Revisal, sec. 1206,
provides that in proceedings of this character the wages due to
"laborers and workmen and all persons doing labor or service,
of whatever character, in the regular employment of such cor-
porations, shall be a first lien upon the assets for the amount
of wages due them, respectively, for their work rendered within
two months next preceding the date when proceedings in insol-
vency shall be instituted." And if this were a question now
open to plaintiff, the statute and authoritative interpretations
of it would seem to be against plaintiff's position. *Trust and
Deposit Co. v. Fisher,* 200 U. S., 58; *Cox v. Lighting and*

*Fuel Co.,* 152 N. C., 164; *R. R. v. Burnett,* 123 N. C., 210; *Dunavant v. R. R.,* 122 N. C., 1001; *Coal Co. v. Electric Co.,* 118 N. C., 232. But the position is not open. At a former term of the Court, the question as to the amount of these claims and their priority as liens upon the assets were investigated, and both the amount and the liens and the priority of same were fully established. Judgment to that effect was formally entered and signed by the presiding judge, and plaintiff's appeal from such judgment, as heretofore stated, was regularly and formally dismissed. The questions which plaintiff now seeks to raise were, no doubt, fully considered and passed upon when the former judgment was entered; certainly they were well within the scope of the inquiry, and in such case we have repeatedly held that a litigant is concluded and cannot raise the same questions upon a second appeal. *Roberts v. Baldwin,* 155 N. C., 276; *Holley v. Smith,* 132 N. C., 36; *Perry v. R. R.,* 129 N. C., 333.

There is no error, certainly which gives plaintiff any just ground of complaint, in entering the second judgment, simply that the receiver proceed to collect the money required to pay these claims. This will be certified, that appropriate measures be taken to enforce obedience to the judgment of the Court.

Affirmed.