Britt v. Allen

---

ALICE LUCILLE CRAVEN BRITT AND HUSBAND, OSSIE GERMAN BRITT AND IDA LEOLA CRAVEN BRISTOW v. GARLAND W. ALLEN

No. 7419SC8

(Filed 15 May 1974)

1. Contracts § 26; Trusts § 18— oral agreement to bid in property at foreclosure sale — admissibility of testimony

In an action for breach of an alleged agreement by defendant to bid in plaintiffs' property at a foreclosure sale so that plaintiffs would not lose their homeplace, the trial court erred in refusing to permit one plaintiff to testify as to her conversation with defendant and the alleged verbal agreement entered into between plaintiffs and defendant.

2. Frauds, Statute of § 6; Trusts § 13— oral agreements to bid in property at foreclosure sale

Alleged oral agreement that defendant would bid in plaintiffs' property at a foreclosure sale, that defendant would satisfy the note and deed of trust on the property and deed the property to plaintiffs, and that plaintiffs would in turn convey a portion of the property to defendant was enforceable and not within the purview of the statute of frauds.

---

**Britt v. Allen**

---

**3. Contracts § 4; Trusts § 13— oral agreement to bid in property — consideration**

> Defendant's oral promise to bid in plaintiffs' property at a foreclosure sale, satisfy the note and deed of trust on the property and deed the property to plaintiffs was supported by consideration where plaintiffs agreed that they would not try to reinstate the loan on the property but would allow the foreclosure sale to be held and that they would convey a portion of the property to defendant.

APPEAL by plaintiffs from *Seay, Judge*, 30 April 1973 Session of RANDOLPH County Superior Court. Argued in the Court of Appeals 22 January 1974.

The plaintiffs owned a 33 acre farm in Randolph County. In 1961, the plaintiff Alice Britt borrowed from the Peoples Savings and Loan Association the sum of $3,000.00 and executed a note and deed of trust on the property to secure the note. The plaintiff became delinquent in her account, and foreclosure was instituted.

Most of the plaintiff's testimony offered beyond this point was excluded by the trial judge. If admitted, it would have shown that the plaintiff, Alice Britt, went to see the defendant, Garland Allen, shortly before the foreclosure sale was held. The purpose of this visit was to borrow $3,000.00 from Garland Allen to satisfy the note and deed of trust, thereby halting the foreclosure. Garland Allen allegedly told the plaintiff that he would not lend them any money but that he would bid the land in at the foreclosure sale. He would then satisfy the note with the Savings and Loan, and the plaintiff, in turn, would deed to him approximately 10 acres of the 33 acres. The defendant would have a survey made and would be deeded the 8 or 10 acres lying between the driveway and the house. The plaintiff, Alice Britt, would have testified further that the defendant told her not to worry about anything, that he would look after them at the sale, that he would have his attorney place the bid for him if he could not go himself, and that he would be the high bidder and complete the agreement he had made with the plaintiff. Further excluded testimony would have shown that the fair market value of the property was considerably in excess of the amount of the note or the amount for which the property was purchased at the sale.

A bid in the amount of $3,000.00, the face amount of the note, was entered at the foreclosure sale. The defendant Allen filed an upset bid in the amount of $3,200.00 within the statutory

Britt v. Allen

period of time. A resale was held, and the property sold for the amount of $3,500.00. The defendant did not enter any bids except his upset bid in the amount of $3,200.00. The resale was confirmed, and the property was deeded to the purchasers.

Following the plaintiffs' evidence, the trial court directed a verdict in favor of the defendant. Apparently, the trial court considered the offered testimony, to which the defendant objected and to which objections had been sustained, in arriving at his directed verdict. The directed verdict was based on the grounds that the alleged contract to convey land was oral and within the prohibition of the statute of frauds, that the contract was not supported by consideration, and that the evidence did not conform to the allegations of the complaint. From the entry of the directed verdict, the plaintiffs appealed.

*Ottway Burton for the plaintiffs-appellants.*

*Moser and Moser by Thad T. Moser for defendant-appellee.*

CARSON, Judge.

[1]   While the plaintiff was attempting to testify concerning her verbal contract with the defendant, the defendant objected to almost every question propounded by plaintiffs' attorney. Most of the objections were sustained on the grounds that the questions were leading. While some of the questions were impermissively leading, others were proper in form and should have been allowed. It would be of no benefit to relate here all of the questions asked by plaintiffs' attorney and the objections entered in response thereto. Suffice it to say that the plaintiff should have been allowed to testify as to her conversation with the defendant and the alleged verbal contract entered into between the plaintiff and the defendant.

Apparently, the trial court considered the evidentiary matters which were excluded in arriving at his decision directing a verdict in favor of the defendant. Had he not considered the excluded portions of the plaintiff's testimony, there would have been nothing upon which to base his findings of fact. The court found that the plaintiffs had failed in their case in three material respects. The first was that the evidence did not conform to the allegations of the complaint. However, the plaintiffs alleged the ownership of the land, the existence of the deed of trust, the foreclosure sale, and the related conversation between the plaintiff, Alice Britt, and the defendant, Allen. If the

testimony had been admitted at the proper places, there would have been sufficient evidence presented to sustain the plaintiffs' burden of proof. This matter would properly have been for the jury and would not have been the subject of a directed verdict.

[2] The trial court further held that the alleged contract was unenforceable as being within the purview of the statute of frauds. The court held that it was a contract for the sale of land and hence unenforceable. Our courts have tried to avoid the sometimes harsh result that a strict application of the statute of frauds would bring to unknowing and uneducated persons. It has been avoided on occasion by the application of a parol trust. This has been specifically approved by our Supreme Court on several occasions. *Bryant v. Kelly,* 279 N.C. 123, 181 S.E. 2d 438 (1971); *Roberson v. Pruden,* 242 N.C. 632, 89 S.E. 2d 250 (1955); *Embler v. Embler,* 224 N.C. 811, 32 S.E. 2d 619 (1945). If the jury had believed the plaintiffs' allegations that the defendant had purchased the land under the circumstances as indicated, a constructive trust could have been declared; and the defendant could have been ordered to convey the property to the plaintiffs to comply with the agreement.

[3] The trial court further found that there was no consideration for the alleged promise of the defendant. It is necessary for the existence of a valid contract that there be consideration extending from each side. *Investment Properties v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972); *Stonestreet v. Oil Co.,* 226 N.C. 261, 37 S.E. 2d 676 (1946). Had the jury believed the plaintiffs' evidence, it could have held that a valid contract had been established. The plaintiffs had agreed not to try to reinstate the loan but to allow the foreclosure sale to be held. They had further agreed to deed 8 or 10 acres above the driveway to the defendant for his consideration in carrying out the bargain. The defendant had agreed to purchase the property at the sale and deed it to the plaintiffs. He further agreed to pay the $3,000.00 necessary to satisfy the note and deed of trust. In return for his promise, he received the promise of the plaintiffs to deed to him the property in question. Thus, there were mutual promises and forebearances sufficient to support a bilateral contract. *Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362 (1964); *Foundation, Inc. v. Basnight,* 4 N.C. App. 652, 167 S.E. 2d 486 (1969).

There are other assignments of error presented by the appeal, but we do not deem it necessary to decide them inasmuch as they will probably not occur at a future trial. For the foregoing reasons we award a

New trial.

Chief Judge BROCK and Judge MORRIS concur.