Britt v. Allen

---

---

ALICE LUCILLE CRAVEN BRITT, OSSIE GERMAN BRITT AND IDA LEOLA CRAVEN BRISTOW v. GARLAND W. ALLEN

No. 7519SC362

(Filed 1 October 1975)

1. Vendor and Purchaser § 1— agreement to purchase land — insufficiency — statute of frauds

Defendant's alleged promise to purchase a quantity of land from plaintiffs is unenforceable because (1) the quantity was never agreed upon, (2) the location of the lines was never agreed upon, (3) the

Britt v. Allen

purchase price was never agreed upon, and (4) the alleged agreement was in violation of the statute of frauds because it was not in writing.

2. **Trusts § 13— parol trust — failure of promisor to acquire land**
    Defendant's alleged promise to acquire plaintiffs' land at a foreclosure sale, and reconvey some or all of the property to plaintiffs did not give rise to a parol trust where defendant never acquired the property.

3. **Contracts § 4— agreement to purchase at foreclosure sale — absence of consideration**
    Defendant's alleged promise to purchase all of plaintiffs' land at a foreclosure sale upon plaintiffs' agreement to give defendant a portion of the property so purchased was unsupported by consideration and unenforceable since plaintiffs' promise to give property they no longer own does not constitute a valuable consideration.

APPEAL by plaintiffs from *Long, Judge.* Judgment entered 30 December 1974 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 27 August 1975.

In this action plaintiffs seek to recover damages upon defendant's breach of his alleged promise to purchase a quantity of land from plaintiffs. In the alternative plaintiffs seek to recover damages upon defendant's breach of his alleged promise to purchase land at the foreclosure sale of plaintiffs' land and gratuitiously to convey part of the land to plaintiffs.

The jury awarded damages to plaintiffs. The trial judge set the verdict aside and ordered a new trial. Plaintiffs appealed.

*Ottway Burton and Millicent Gibson, for plaintiffs.*

*Moser and Moser, by Thad T. Moser, for defendant.*

BROCK, Chief Judge.

The plaintiffs' evidence, taken in the light most favorable to plaintiffs, tends to show the following: Plaintiffs executed a deed of trust dated July 20, 1961, to Archie L. Smith, trustee for People's Savings and Loan Association, to secure the payment of their note in the sum of $3,000.00. The deed of trust conveyed approximately 33½ acres of land, including plaintiffs' homeplace. Between 1961 and October 1966 plaintiffs reduced the indebtedness to People's Savings and Loan to approximately $2,200.00. Also, during this period, plaintiffs executed a second lien deed of trust to secure an indebtedness which in October 1966 amounted to approximately $500.00.

In October 1966 plaintiffs received notice of default in payment of the note to People's Savings and Loan and notice that the property would be sold by the trustee to satisfy the balance of the indebtedness. Upon receipt of these notices, plaintiff Mrs. Britt asked defendant for a loan of $3,000.00 to pay off the notes secured by the two deeds of trust. Defendant declined to make a loan but offered to purchase from plaintiffs some of the land for a sum sufficient to pay the outstanding indebtednesses. The quantity of land and the price were never agreed upon, and plaintiffs did not sign a deed to defendant for any quantity of the land.

The foreclosure sale was advertised for 25 November 1966. Plaintiff Mrs. Britt went to see defendant several times in attempts to obtain money to pay the two notes. She testified: "Every time I would go over there he would assure me that I didn't have anything to worry about. He would see that I didn't lose my home. I trusted him. He claimed that he couldn't get a surveyor down there to survey it out, that it was rough and bad. I kept waiting on him to, waiting until the sale on the 25th of November, and he said he would put a bid in on it to keep me from losing it." After the trustee's sale on 25 November 1966, defendant placed an upset bid, and a resale was advertised for 27 December 1966. Plaintiff Mrs. Britt went back to see defendant several times between 25 November 1966 and 27 December 1966. She testified: "I asked when he was going to get it straightened out. He said just as quick as he could get it surveyed out." The following occurred on her direct examination:

"Q. Now, you have spoken about him surveying it out, what was it that he agreed to do and you agreed to do, be specific?

"A. He said he would take enough land, buy enough land to clear it up. Then he would sell it back to us with a six percent interest, if we wanted it back.

"Q. How much was enough land?

"A. He never did specify any amount, but I asked if it would be eight or ten acres. He said, 'Maybe not that.' "

On 27 December 1966, the day of the resale, plaintiff Mrs. Britt went to see defendant to discover whether he had obtained the survey and what he was going to do. She testified: "He said, 'I can't get the damn surveyor down here.' That's the words he

Britt v. Allen

used. I said, 'Well, today is the day of the last sale or resale.' I said, 'I stayed out of work to come down here and try to get it straightened out before it's sold,' and that was about 9:00 o'clock that morning. It was to be sold at 11:00. He said, 'Why did you stay out of work? Why don't you trust me? I told you I would take care of it.' I said, 'Well, I want to get it straightened out.' He said, 'If anybody else puts in on it, I will either go or call my lawyer to put a bid over them. You trust me. I will see that you don't lose your place." The next thing plaintiffs heard about the foreclosure was on 16 January 1967 when three men, who identified themselves as the purchasers of the property, came to plaintiffs' home to look over the property. Plaintiffs continued to live on the premises until they were evicted by the purchasers in May 1968.

The jury returned a verdict awarding damages to plaintiffs. The trial judge set the verdict aside and ordered a new trial.

[1] Defendant's alleged promises to purchase a quantity of land from plaintiffs is clearly unenforceable for four reasons: (1) the quantity of land was never agreed upon, (2) the location of the lines was never agreed upon, (3) the purchase price was never agreed upon, and (4) the alleged agreement was in violation of the statute of frauds because it was not in writing.

This case was reviewed on appeal by this Court in 21 N.C. App. 497, 204 S.E. 2d 903. In that decision we set aside the directed verdict entered for the defendant. The opinion of this Court was based on the theory that defendant's promise to purchase the 33½ acre tract for Mrs. Britt at the foreclosure sale constituted a parol trust and on the theory that a valid consideration existed to support defendant's promise to bid. Unfortunately, the opinion erroneously presupposed that defendant Allen had bid in the property and acquired title for his exclusive benefit. Had Allen acquired title to the property, Mrs. Britt would be permitted to show a parol trust by clear and convincing evidence. The parol trust device is used to prevent a party from retaining property unfairly after purchasing it as the agent for another party. *Martin v. Underhill*, 265 N.C. 669, 144 S.E. 2d 872.

[2] Defendant Allen's alleged promise to acquire plaintiffs' land at the foreclosure sale and reconvey some or all of the property to them does not give rise to a parol trust because Allen never acquired the property. Legal title to the property never

vested in Allen; as a result, he never became a trustee on behalf of Mrs. Britt.

[3]　Aside from the specter of the statute of frauds, when this transaction is stripped of the parol trust theory, Allen's alleged promise to purchase plaintiffs' land at the foreclosure sale cannot be enforced by the plaintiffs because of the absence of a valid consideration. The sale of property upon foreclosure results in transfer of title to the highest bidder. Mrs. Britt testified that she agreed to give Allen some of the property if he would bid in *all* the property for her at the foreclosure sale. Obviously, the plaintiffs' promise to give property which they would no longer own does not constitute a valid consideration, nor is such a promise capable of inducing another party to purchase the entire tract at a foreclosure sale and convey a portion to the plaintiff.

The opinion of this Court in the former appeal, reported at 21 N.C. App. 497, 204 S.E. 2d 903, was based upon an erroneous interpretation of the evidence. The opinion applied sound principles of law to a state of facts not supported by the evidence. We therefore hold that the opinion in the former appeal, reported at 21 N.C. App. 497, 204 S.E. 2d 903, is not authoritative.

During the trial which resulted in this appeal, defendant timely made his motions for a directed verdict for the defendant. But for the former opinion of this Court in this case, it seems obvious that the trial judge would have directed a verdict for defendant upon this trial. Faced with our opinion, the trial judge let the case go to the jury and then set aside the verdict when it was returned for plaintiffs.

Plaintiffs have now had two opportunities to present their evidence, and, in our opinion, they have failed to present evidence sufficient to support a verdict in their favor. In our view justice will be served if we now reverse the order for a new trial, affirm the order setting aside the verdict, and remand this case for entry of a judgment directing a verdict for the defendant in accordance with defendant's motion made at the close of all the evidence. It is so ordered.

Reversed in part. Affirmed in part. Remanded for entry of judgment.

Judges PARKER and ARNOLD concur.