ALICE LUCILLE CRAVEN BRITT, OSSIE GERMAN BRITT AND IDA LEOLA CRAVEN BRISTOW v. GARLAND W. ALLEN

No. 7719SC869

(Filed 29 August 1978)

1. **Appeal and Error § 67; Rules of Civil Procedure §§ 12, 56— remand by Supreme Court for trial de novo—allowance of motion to dismiss**

   The fact that the Supreme Court had directed that this case "be remanded to the superior court for a trial *de novo*" did not prohibit the superior court upon remand from allowing defendant's motion for dismissal under Rule 12(b)(6) or under Rule 56, since the directive of the Supreme Court did not render the Rules of Civil Procedure inapplicable to further proceedings in the case.

2. **Frauds, Statute of § 6— agreement to purchase land at foreclosure sale and reconvey—statute of frauds**

   Summary judgment was properly entered for defendant in an action to recover damages for defendant's breach of an alleged agreement to purchase plaintiffs' farm at a foreclosure sale and to convey a portion of that land to plaintiffs where all the materials presented at the summary judgment hearing showed that the promise sued on was orally made and that there was no writing, since such a contract was required by the statute of frauds to be in writing, and the oral agreement was void. G.S. 22-2.

3. **Appeal and Error § 2— exceptions within scope of prior appeal—no consideration by appellate court**

   The appellate court will not consider assignments of error based on exceptions which were within the scope of a prior appeal of this case.

APPEAL by plaintiffs from *Collier, Judge.* Judgment entered 27 July 1977 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 16 August 1978.

Plaintiffs instituted this action in 1969 to recover damages from defendant for breach of an alleged contract to buy and sell

land. Defendant answered, denying the contract and pleading the statute of frauds. The case was before this court on four previous appeals and was once before our Supreme Court. See *Britt v. Allen,* 291 N.C. 630, 231 S.E. 2d 607 (1977). The Supreme Court directed that the case be remanded to the superior court for trial de novo. Upon remand, defendant moved under G.S. 1A-1, Rule 12 (b)(6) to dismiss the action for failure of the complaint to state a claim upon which relief can be granted. In the alternative, defendant moved under G.S. 1A-1, Rule 56 for summary judgment. The court allowed both motions. From judgment dismissing the action, plaintiffs appeal.

*Ottway Burton for plaintiffs appellants.*

*Moser and Moser by D. Westcott Moser for defendant appellee.*

PARKER, Judge.

[1]  Plaintiffs contend it was error for the superior court to dismiss their action because our Supreme Court had directed that the case "be remanded to the superior court for a trial *de novo.*" *Britt v. Allen,* 291 N.C. at 639, 231 S.E. 2d at 614. In making this contention, plaintiffs mistake the import of the Supreme Court's directive. That directive did not render the Rules of Civil Procedure inapplicable to the further proceedings in this case. For plaintiffs to be entitled to a jury trial, it was still necessary that their action be sufficient to withstand defendant's motions for dismissal under Rule 12 (b)(6) and under Rule 56.

[2]  We hold that defendant's motion under Rule 56 for summary judgment was properly granted and therefore find it unnecessary to pass upon the additional question whether the trial court was also correct in dismissing plaintiffs' action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs' claim for damages was based upon defendant's breach of an alleged agreement to purchase plaintiffs' farm at a foreclosure sale and to convey a portion of that land to plaintiffs. Such a contract falls within the statute of frauds, G.S. 22-2, and is void "unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." All of the materials presented at the hearing on

defendant's motion for summary judgment show that the promise alleged in this case was orally made and that there was no writing. The alleged contract therefore is void by reason of the statute of frauds, and there can be no recovery of damages for breach of such a void contract. *Carr v. Good Shepherd Home*, 269 N.C. 241, 152 S.E. 2d 85 (1967). Summary judgment in favor of defendant was properly entered. *Henry v. Shore*, 18 N.C. App. 463, 197 S.E. 2d 270 (1973).

[3] In view of our decision that summary judgment in favor of defendant was properly entered on the grounds noted above, we find it unnecessary to pass on plaintiffs' two remaining assignments of error, since even had there been error in the rulings sought to be challenged by these assignments, summary judgment for defendant would nevertheless have been proper and would have been dispositive of the case. We do note, however, that one of these assignments of error relates to an order entered 21 July 1969 which struck portions of plaintiffs' complaint on motion of defendant and the other relates to an order entered in January 1970 which denied plaintiffs' motion to strike portions of defendant's answer. The exceptions on which these assignments of error are based were within the scope of the first appeal of this case, which was heard in this court in 1971, the opinion in which is reported in 12 N.C. App. 399, 183 S.E. 2d 303. On that appeal, plaintiffs made the same assignment of error which they now again attempt to make to the court's denial of their motion to strike portions of defendant's answer, but they then presented no argument and cited no authority to support that assignment of error. It was, therefore, abandoned on the earlier appeal. As to the 21 July 1969 order which allowed defendant's motion to strike portions of plaintiffs' complaint, plaintiffs noted an exception in the record but failed on the first appeal to make this exception the basis of an assignment of error. Our appellate procedure makes no provision for "holding in abeyance exceptions made at a former trial beyond the time allowed by law for appeal." *Howe v. Hall*, 128 N.C. 167, 169, 38 S.E. 734, 735 (1901); *accord, Riley v. Sears*, 156 N.C. 267, 72 S.E. 367 (1911).

The judgment dismissing plaintiffs' action is

Affirmed.

Judges CLARK and ERWIN concur.