WILLIAM DURWOOD METTS, PLAINTIFF v. DOCTOR JAMES D. PIVER AND DOCTOR CHARLES T. STREETER, SR., DEFENDANTS

Nos. 904SC770
904SC837

(Filed 5 March 1991)

**Appeal and Error § 559 (NCI4th) — medical malpractice — summary judgment for defendants — remanded for trial — second summary judgment — error**

The trial court erred by granting summary judgment for defendants in a medical malpractice action where summary judgment had previously been entered and the Court of Appeals had held that the evidence presented genuine issues of material fact and remanded for trial. While an appellate directive remanding a case for trial does not render the Rules

**METTS v. PIVER**

[102 N.C. App. 98 (1991)]

of Civil Procedure inapplicable to the further proceedings in the case, in this case the trial court's second ruling on the existence of genuine issues of material fact is directly contrary to the earlier Court of Appeals holding. It is the rule in North Carolina that an additional forecast of evidence does not entitle a party to a second chance at summary judgment on the same issues, and defendants' contention that the second summary judgment motion dealt with new issues was also unavailing.

**Am Jur 2d, Appeal and Error §§ 962, 963.**

Judge GREENE concurring in the result.

APPEAL by plaintiff from orders entered 5 March 1990 and 30 April 1990 in ONSLOW County Superior Court by *Judge Herbert O. Phillips*. Heard in the Court of Appeals 12 February 1991.

Plaintiff filed this medical malpractice action on 7 April 1986 alleging negligence, fraud, and battery claims. Defendants moved for summary judgment on 11 July 1986. Summary judgment on all claims was entered on 29 July 1986. On appeal, this Court, in an unpublished opinion, held that the forecast of evidence presented to the trial court revealed that genuine issues of material fact remained as to whether either or both defendants had been negligent in their diagnoses of plaintiff's condition. We reversed as to that claim.

The case was remanded to the trial court, where defendants again moved for summary judgment. In support of this motion, they produced affidavits from each of them, and an affidavit from a doctor stating that the defendants had adhered to the standard of care in their diagnoses of plaintiff's ailments. Summary judgment was again entered in defendants' favor on 5 March 1990.

Plaintiff filed a motion to reconsider and a motion for "appropriate relief" on 15 March 1990. Plaintiff then noticed their appeal from the summary judgment order. The trial court ruled that it retained limited jurisdiction to hear plaintiff's 60(b) motion, and indicated that the motion would have been denied had the case not been appealed. Plaintiff appeals from this order as well. On plaintiff's motion, these cases have been consolidated for review.

*Braswell & Taylor, Attorneys, by Roland C. Braswell, Shelby Duffy Albertson, and Lisa G. Corbett, for plaintiff-appellant.*

*Marshall, Williams & Gorham, by Lonnie B. Williams and Charles D. Meier, for defendants-appellees.*

WELLS, Judge.

This case is before this Court for the second time after a trial court has entered an order granting summary judgment for defendants. In our unpublished opinion filed 3 November 1987, we held that the evidence presented to the court evidenced genuine issues of material fact as to the negligence of each defendant in failing to diagnose plaintiff's condition and remanded the case for trial on this issue. Defendants again moved for and were granted summary judgment on this issue and no trial was ever held. We hold that these proceedings violated our mandate, and reverse.

The general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure. *D & W Inc. v. City of Charlotte*, 268 N.C. 720, 152 S.E.2d 199 (1966). However, an appellate directive remanding a case for trial does not render the Rules of Civil Procedure inapplicable to the further proceedings in the case. *Britt v. Allen*, 37 N.C. App. 732, 247 S.E.2d 17 (1978). In *Britt*, we affirmed the entry of an order of summary judgment following a Supreme Court remand for trial *de novo*. *See Britt v. Allen*, 291 N.C. 630, 231 S.E.2d 607 (1977). The Supreme Court did not rule, however, on the existence of a genuine issue of material fact, or the sufficiency of the evidence to take the case to a jury. It affirmed the trial court's discretionary authority to set aside a jury verdict as being contrary to the evidence and order a new trial, and in fact reversed this Court's holding passing on the sufficiency of this evidence as improper. *See Britt v. Allen*, 27 N.C. App. 122, 218 S.E.2d 218 (1975). The law of the case doctrine applies only to those questions actually passed on by the appellate court which were necessary to its opinion. *See Southland Associates Realtors, Inc. v. Miner*, 73 N.C. App. 319, 326 S.E.2d 107 (1985).

In this case, the trial court's ruling on the existence of a genuine issue of material fact is directly contrary to our earlier holding. While defendants claim that they forecast new evidence, we do not perceive this to be determinative. It is the rule in this State that an additional forecast of evidence does not entitle

**METTS v. PIVER**

[102 N.C. App. 98 (1991)]

a party to a second chance at summary judgment on the same issues. *See Iverson v. TM One, Inc.*, 92 N.C. App. 161, 374 S.E.2d 160 (1988). Were it otherwise, an "unending series of motions for summary judgment could ensue so long as the moving party presented some additional evidence at the hearing on each successive motion." *Carr v. Great Lakes Carbon Corp.*, 49 N.C. App. 631, 272 S.E.2d 374 (1980), *disc. review denied*, 302 N.C. 217, 276 S.E.2d 914 (1981).

Defendants' contention that this summary judgment motion dealt with new issues is also unavailing. In the amended complaint, plaintiff alleged that defendants were negligent in that "they incorrectly diagnosed the plaintiff's gallbladder problem during the 'time period' as being pancreatitis." Defendants moved for and were granted summary judgment in part on the grounds that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law as to *all* of plaintiff's claims. The trial court necessarily had the issue of defendants' possible negligence in diagnoses before it then, and we reversed its determination. The trial court's order now before us passes on this same question and is contrary to the decision and mandate of this Court. It is thus reversed.

Plaintiff has also appealed from the trial court's ruling on his motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. Given our disposition of the appeal from the order of summary judgment, we dismiss this appeal as moot.

In case No. 904SC770, the appeal is

Dismissed.

In case No. 904SC837, the order of the trial court is

Reversed.

Judge WYNN concurs.

Judge GREENE concurs in the result.

Judge GREENE concurring in the result.

I agree with the majority that in North Carolina, after a party moves for summary judgment on an issue, and the motion is al-

lowed but subsequently reversed on appeal, the party is precluded on remand from making a second motion for summary judgment on the same issue. I disagree, however, with the majority's conclusion that the issue of the defendants' alleged negligent diagnoses was before the trial court at the hearing on the defendants' first motion for summary judgment. At the first hearing, the defendants did not present any evidence in support of its summary judgment motion relating to the issue of the defendants' alleged negligent diagnoses. Therefore, the negligent diagnoses issue was not before the trial court at the first hearing, and on remand the defendants were entitled to raise that issue as a basis for supporting their new motion for summary judgment.

Nonetheless, I would reverse the trial court's entry of summary judgment. The defendants produced affidavits at the second summary judgment hearing which stated that they had "adhered to the standard of care in their diagnoses of plaintiff's ailments." The plaintiff responded with the affidavits of Dr. George Podgorny wherein he testified that the defendants had failed to meet the applicable standard of care. Accordingly, a genuine issue of material fact exists on the issue thereby rendering summary judgment improper.

However, the defendants nonetheless contend that summary judgment was appropriate because the plaintiff did not introduce evidence that the defendants' negligent diagnoses were the proximate causes of his injuries. The defendants rely on *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L.Ed.2d 265 (1986), as support for this argument. *Celotex* appears to stand for the proposition that the mere motion for summary judgment unsupported by evidence negating the non-movant's claim is sufficient to shift the burden to the non-movant to provide evidence of each element of his claim. *Id.* at 322-24, 91 L.Ed.2d at 273-74. North Carolina is not bound by *Celotex*. North Carolina has chosen instead to require the non-movant to produce evidence demonstrating the existence of a genuine issue of material fact only with respect to issues raised by the movant and supported by the movant's evidence. *See Rorrer v. Cooke*, 313 N.C. 338, 350, 329 S.E.2d 355, 363 (1985); *Clark v. Brown*, 99 N.C. App. 255, 260, 393 S.E.2d 134, 136-37, *disc. rev. denied*, 327 N.C. 426, 395 S.E.2d 675 (1990). I furthermore do not find, as the defendants contend, that *Evans v. Appert*, 91 N.C. App. 362, 372 S.E.2d 94, *disc. rev. denied*, 323 N.C. 623, 374 S.E.2d 584 (1988), is consistent with *Celotex*. Instead, I read *Evans* as

consistent with *Rorrer*, and to the extent that *Evans* is inconsistent with *Rorrer*, *Rorrer* controls. Here, the defendants did not present evidence in support of their motion for summary judgment regarding the issue of proximate cause, and therefore, the plaintiff, as non-movant, was not required to address the issue. Accordingly, I would reverse the trial court's order of summary judgment.