IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-34

 No. COA20-740

 Filed 18 January 2022

 Rockingham County, 11CRS50300, 11CRS50301, 11CRS50518, 11CRS50124

 STATE OF NORTH CAROLINA

 v.

 FRANK CATALDO

 Appeal by Defendant from order entered 17 June 2019 by Judge Edwin G.

 Wilson, Jr., in Rockingham County Superior Court. Heard in the Court of Appeals 8

 September 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Sherri
 Horner Lawrence, for the State-Appellee.

 North Carolina Prisoner Legal Services, Inc., by Christopher J. Heaney, for
 Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant appeals an order wherein the trial court concluded that certain

 sealed child protective services records obtained by the trial court and reviewed in

 camera during post-conviction discovery were immaterial to Defendant’s defense and

 denied Defendant’s request for access to those records and a new trial. Because the

 trial court impermissibly narrowed the scope of its post-conviction discovery orders,

 the trial court failed to comply with this Court’s mandate in State v. Cataldo, 261
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 N.C. App. 538, 818 S.E.2d 203, WL 4441414 (2018) (unpublished) (“Cataldo II”). We

 reverse the trial court’s order and remand for post-conviction discovery orders and an

 in camera review of the records at issue, in accordance with Cataldo II.

 I. Procedural Background

¶2 On 8 May 2013, following a trial, a jury found Defendant guilty of two counts

 of statutory sex offense and one count of statutory rape of T.B., a minor.1 The trial

 court consolidated the two statutory sex offense convictions and entered judgment,

 sentencing Defendant to consecutive prison terms of 240 to 297 months for statutory

 sex offense and 240 to 297 months for statutory rape. Defendant appealed. By

 opinion filed 3 June 2014, this Court found no error in the proceeding below. State v.

 Cataldo, 234 N.C. App. 329, 762 S.E.2d 2, WL 2507788 (2014) (unpublished)

 (“Cataldo I”).

¶3 On 7 July 2015, Defendant filed in the trial court a motion for appropriate

 relief (“MAR”) and a motion for post-conviction discovery. In his MAR, Defendant

 alleged that he had received ineffective assistance of counsel because his “trial

 counsel did not request an in camera review of DSS records about the complainant’s

 prior allegations of sexual abuse,” and “[a]s a result, trial counsel failed to discover

 exculpatory and impeachment evidence that would have greatly aided [Defendant’s]

 1 The transcript indicates that the jury found Defendant not guilty of one other count

 of statutory rape.
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 defense.”

¶4 Defendant relied on Pennsylvania v. Ritchie, 480 U.S. 39 (1987), to support his

 argument. In Ritchie, the defendant was charged with various sex offenses against

 a minor and sought disclosure of the victim’s child protective services records in order

 to raise a defense. In a plurality decision, the United States Supreme Court stated,

 “It is well settled that the government has the obligation to turn over evidence in its

 possession that is both favorable to the accused and material to guilt or punishment.”

 Id. at 57 (citations omitted). “[E]vidence is material only if there is a reasonable

 probability that, had the evidence been disclosed to the defense, the result of the

 proceeding would have been different. A ‘reasonable probability’ is a probability

 sufficient to undermine confidence in the outcome.” Id. (citation omitted). The Court

 concluded that the defendant was “entitled to know whether the [child protective

 services] file contains information that may have changed the outcome of his trial had

 it been disclosed[,]” and remanded for an in camera review of the file. Id. at 61.

¶5 Defendant alleged in his MAR that before accusing Defendant, “T.B. made

 multiple allegations of sexual abuse against family members that were investigated

 by DSS and determined to be unfounded,” including: “a previous DSS investigation

 when T.B. was four years old regarding T.B. being sexually abused by her biological

 father and by a neighbor”; accusations made in 2008 against her biological father for

 sexually abusing her; and accusations made in 2009 against her uncle for sexually
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 abusing her. Defendant argued that T.B.’s “history of making false allegations of

 sexual abuse” was “directly relevant to the credibility of her claims against

 [Defendant].” Defendant requested the trial court “order post-conviction discovery

 from the State so he may review the materials, continue post-conviction investigation,

 and amend his [MAR].”

¶6 In his motion for post-conviction discovery, Defendant requested that the trial

 court order Rockingham Department of Health and Human Services (“Rockingham

 DHHS”) and Guilford County Department of Social Services (“Guilford DSS”) “to turn

 over all records, including medical and mental health records, concerning [T.B.] . . .

 to the Court for in camera review” and order Kim Madden, a psychiatrist who

 interviewed T.B. in January 2011, “to turn over all notes and/or reports concerning

 her treatment of T.B. for an in camera review,” pursuant to Ritchie.

¶7 The State filed an answer to Defendant’s MAR, arguing that it should be

 denied. Defendant moved to stay a decision on his MAR until he received and had an

 opportunity to review post-conviction discovery materials. The trial court entered an

 order on 5 October 2016 denying Defendant’s motion to stay a decision on his MAR,

 his MAR, and his motion for post-conviction discovery.

¶8 Defendant filed a petition for writ of certiorari with this Court, seeking review

 of the 5 October 2016 order. This Court granted certiorari. By opinion filed 18

 September 2018, this Court reversed the denials of Defendant’s MAR and motion for
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 post-conviction discovery stating,

 Our precedent, as well as that of Ritchie, is clear. The DSS
 records sought by defendant, if in fact they exist, may have
 permitted him to confront and impeach T.B. Defendant
 could not be expected to present a showing of this evidence
 prior to it being released. Its materiality, however, is
 questionable. Do the records exist? Do they show what
 defendant contends? These are matters best suited to an
 in camera review. . . .

 [W]e hold that [D]efendant made the requisite showing to
 support his motion for post-conviction discovery, and that
 the trial court erred in denying it. We therefore reverse the
 trial court’s order, and remand for an in camera review of
 the DSS records at issue. Should the trial court determine
 that these records are in fact material, and would have
 changed the outcome of defendant’s trial, [D]efendant
 should be granted a new trial.

 Cataldo II, WL 4441414 at *11-12 (citations omitted).

¶9 Upon remand, the State, through Rockingham DHHS, provided the trial court

 “with the complete files of Rockingham DHHS, as they pertain to this matter.” The

 trial court held a hearing on the matter and entered an Order Post-Conviction

 Discovery on 18 December 2018 (“Rockingham Order”), in which it found, in relevant

 part:

 9. This Court has reviewed the records provided by the
 State through Rockingham DHHS and finds that the file
 does not contain any records “at issue” as requested by
 [D]efendant in his post-conviction motion for discovery and
 as described by the Court of Appeals. The records at issue
 are records regarding T.B.’s allegations of prior abuse by
 her father from 2000-2001, and again in 2008, and by her
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 uncle in 2009.

 10. This Court does find that the records provided
 contain references to the records at issue, but they do not
 provide the substance of those records and this Court is
 unable to complete its in camera review as Ordered by the
 Court of Appeals until it receives the appropriate records.

¶ 10 Upon its findings, the trial court concluded and ordered that Rockingham

 DHHS “shall make available to this Court the DSS records at issue, specifically

 records regarding T.B.’s allegations of prior abuse by her father from 2000-2001, and

 again in 2008, and by her uncle in 2009.”

¶ 11 Subsequently, the trial court and the parties exchanged emails regarding the

 scope of the Rockingham Order. Specifically, Defendant contended that the

 Rockingham Order’s time ranges were too narrow, and that it failed to request both

 the files related to allegations made by T.B. against Defendant himself or unknown

 others, and the documents from Kim Madden regarding her treatment of T.B. The

 trial court declined to modify the Rockingham Order in response to Defendant’s

 contentions, explaining that “the Court of Appeals was clear the remand was for a

 review of DSS records.”

¶ 12 In response to the Rockingham Order, Rockingham DHHS sent a letter to the

 trial court, indicating that it “did not respond to any abuse, neglect or dependency

 reports regarding the victim child in 2000-2001, 2008, or 2009.” However, the letter

 advised that the Central Registry “indicate[d] that the Guilford . . . [DSS] responded
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 to abuse and/or neglect reports on the victim child on or around these time periods.”

 The letter also indicated that Rockingham DHHS investigated a situation regarding

 T.B. in 2004, during which Guilford DSS had provided it with records from its

 involvement with the family in 2001 and 2002. Copies of the Guilford DSS records

 from 2001 and 2002 were attached to the letter.

¶ 13 The trial court entered an Order Post-Conviction Discovery Guilford DSS on

 18 February 2019 (“Guilford Order”), finding in part:

 This Court has reviewed the Guilford County DSS records
 provided by [Rockingham] DHHS and finds they do not
 contain any records described by the Court of Appeals
 regarding T.B.’s allegations of prior abuse in 2008 or 2009.
 This Court is unable to complete its in camera review as
 Ordered by the Court of Appeals until it receives the
 appropriate records.

¶ 14 The trial court thus ordered Guilford DSS to “make available to this [c]ourt the

 DSS records at issue, specifically records regarding T.B.’s allegations of prior abuse

 from 2000-2001, 2008, and 2009.”

¶ 15 The trial court entered an Order on Remand Defendant’s Motion for Post-

 Conviction Discovery (“Order on Remand”) on 17 June 2019. The trial court found,

 in pertinent part, that it had “conducted an in camera review of the records provided

 by [Guilford] DSS as directed by the Court of Appeals and observed that the records

 contained documentation related to allegations of prior abuse occurring on or around

 the dates noted in the Opinion of the Court of Appeals.”
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

¶ 16 The trial court concluded, in relevant part:

 23. Having conducted an in camera review of the records
 provided by [Guilford DSS], this Court concludes that, in
 the context of the entire record, there is not a reasonable
 probability that the outcome of defendant’s trial would
 have been different had he been able to access these
 records. As such, the records of T.B.’s prior allegations of
 abuse are not material to the defense.

 24. Defendant, therefore, is not entitled to have access
 to the records of T.B.’s prior allegations of abuse and is not
 entitled to a new trial.

¶ 17 The trial court denied Defendant’s Motion for Post-Conviction Discovery and

 ordered the records reviewed be sealed and placed in the record for appellate review,

 in accordance with State v. Hardy, 293 N.C. 105, 128, 235 S.E.2d 828, 842 (1977).

¶ 18 Defendant filed a petition for writ of certiorari with this Court on 29 May 2020.

 This Court allowed the petition “for purposes of reviewing Judge Edwin G. Wilson,

 Jr.’s, 17 June 2019 order denying [Defendant’s] motion for post-conviction discovery

 upon the in camera review ordered by this Court in [Cataldo II].”

 II. Discussion

 A. Scope of post-conviction discovery orders

¶ 19 Defendant argues that the trial court erred on remand by impermissibly

 narrowing the scope of its post-conviction discovery orders to Rockingham DHHS and

 Guilford DSS, such that the trial court failed to conduct a sufficient in camera review

 of relevant records, as mandated by this Court in Cataldo II. We agree.
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

¶ 20 “The general rule is that an inferior court must follow the mandate of an

 appellate court in a case without variation or departure.” Condellone v. Condellone,

 137 N.C. App. 547, 551, 528 S.E.2d 639, 642 (2000) (quoting Metts v. Piver, 102 N.C.

 App. 98, 100, 401 S.E.2d 407, 408 (1991)); see, e.g., Creech v. Melnik, 147 N.C. App.

 471, 473-74, 556 S.E.2d 587, 589 (2001) (“Under the law of the case doctrine, an

 appellate court ruling on a question governs the resolution of that question both in

 subsequent proceedings in the trial court and on a subsequent appeal, provided the

 same facts and the same questions, which were determined in the previous appeal,

 are involved in the second appeal.”).

¶ 21 In the Factual and Procedural Background of Cataldo II, this Court explained

 that Defendant had filed an MAR on 7 July 2015 in which

 Defendant alleged that T.B.’s father had been accused of
 sexually abusing her from 2000 to 2001, and again in 2008,
 and that she had accused her uncle of sexually abusing her
 in 2009. He argued that he received ineffective assistance
 of counsel at trial, due to (1) counsel’s failure to subpoena
 T.B.’s DSS records regarding prior claims of abuse; (2)
 counsel’s failure to cross-examine T.B.’s therapist
 regarding prior claims of abuse; and (3) counsel’s failure to
 impeach T.B. regarding her prior claims of abuse. That
 same day, [D]efendant filed a motion for post-conviction
 discovery, seeking an in camera review of T.B.’s DSS
 records regarding prior claims of abuse.

 Cataldo II, WL 4441414 at *2. This Court then addressed the trial court’s denial of

 Defendant’s MAR as follows:
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 [D]efendant contends that the trial court erred in denying
 his MAR because he made a plausible showing that
 material, favorable DSS records exist. We agree.
 ....
 Our precedent in [State v. Taylor, 327 N.C. 147, 393 S.E.2d
 801 (1990), and State v. Hardy, 293 N.C. 105, 235 S.E.2d
 828 (1977)], as well as that of Ritchie, is clear. The DSS
 records sought by [D]efendant, if in fact they exist, may
 have permitted him to confront and impeach T.B.
 Defendant could not be expected to present a showing of
 this evidence prior to it being released. Its materiality,
 however, is questionable. Do the records exist? Do they
 show what defendant contends? These are matters best
 suited to an in camera review. See Ritchie, 480 U.S. at 61,
 94 L. Ed. 2d at 60 (concluding that in camera review by the
 trial court would serve the defendant’s interest while also
 protecting the confidentiality of individuals involved in
 child-abuse investigations).

 In accordance with all of this precedent, we hold that
 [D]efendant made the requisite showing to support his
 motion for post-conviction discovery, and that the trial
 court erred in denying it. We therefore reverse the trial
 court’s order, and remand for an in camera review of the
 DSS records at issue. Should the trial court determine that
 these records are in fact material, and would have changed
 the outcome of [D]efendant’s trial, [D]efendant should be
 granted a new trial.

 Cataldo II, WL 4441414 at *3-4.

¶ 22 At issue is the proper scope of “the DSS records at issue” in this Court’s

 directive to the trial court. Id. at *5.

¶ 23 Defendant argues that his original request was for Rockingham DHHS and

 Guilford DSS to produce “all records, including medical and mental health records,
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 concerning [T.B.] . . . for in camera review[,]” and this request “defined the requisite

 scope of the DSS records at issue on remand.” Thus, Defendant argues, the trial court

 erred in limiting the scope of review to the specified time periods and excluding any

 records of Rockingham DHHS’s investigation in 2004, any allegations by T.B. against

 Defendant in 2006 or 2007, and any other relevant social services records.

¶ 24 In its Rockingham Order, the trial court found and concluded that “[t]he

 records at issue are records regarding T.B.’s allegations of prior abuse by her father

 from 2000-2001, and again in 2008, and by her uncle in 2009.” Similarly, in its

 Guilford Order, the trial court concluded “the DSS records at issue” are “records

 regarding T.B.’s allegations of prior abuse from 2000-2001, 2008, and 2009.” In its

 Order on Remand, the trial court noted the limited scope of its review, finding that

 “[i]n response to the Order of the Court of Appeals, this [c]ourt ordered [Rockingham]

 DHHS to provide the [c]ourt with the records described by the Court of Appeals,

 specifically regarding T.B.’s allegations of prior abuse in 2000-2001, 2008, and 2009.”

 The trial court also found that it “ordered [Guilford] DSS to make available to [the

 court] the DSS records at issue, specifically those related to T.B.’s allegations of prior

 abuse from 2000-2001, 2008, and 2009[.]”

¶ 25 In Cataldo II, as quoted above, this Court mentioned these specific time

 periods in the Factual and Procedural Background of the opinion, describing specific

 allegations of abuse asserted in Defendant’s MAR as grounds for Defendant’s
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 ineffective assistance of counsel claims. This Court, with a general reference to T.B.’s

 prior allegations of sexual abuse investigated by social services, then summarized

 Defendant’s argument on appeal as “he was entitled to an in camera review and the

 disclosure of these DSS documents proving that T.B. has falsely accused others of

 sexual abuse.” Cataldo II, WL 4441414 at *2-3. However, in describing Defendant’s

 motion for post-conviction discovery – the main issue ultimately decided in Cataldo

 II – this Court described the motion as “seeking an in camera review of T.B.’s DSS

 records regarding prior claims of abuse.” Id. at *2.

¶ 26 In his motion for post-conviction discovery, while Defendant referenced

 allegations from the specific time periods, Defendant’s request for discovery of DSS

 records was not limited to those time periods. Defendant argued that he “should be

 granted an in camera review of all DSS records concerning T.B.” and requested the

 trial court order Rockingham DHHS and Guilford DSS “to turn over all records,

 including medical and mental health records, concerning [T.B.] to the [c]ourt for in

 camera review[.]”

¶ 27 In support of its holding that “[D]efendant made the requisite showing to

 support his motion for post-conviction discovery, and that the trial court erred in

 denying it[,]” this Court reasoned that “[t]he DSS records sought by [D]efendant, if in

 fact they exist, may have permitted him to confront and impeach T.B. Defendant

 could not be expected to present a showing of this evidence prior to it being released.”
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 Id. at *4-5. This reasoning applies to all DSS records sought by Defendant in his

 motion for post-conviction discovery regarding T.B.’s prior allegations of sexual

 abuse, not just those specific instances identified by Defendant without access to the

 records. The in camera review is designed to safeguard Defendant’s due process right

 to evidence favorable and material to his guilt or punishment. Ritchie, 480 U.S. at

 57.

¶ 28 Based on Defendant’s motion for post-conviction discovery seeking all

 Rockingham DHHS and Guilford County DSS records regarding T.B. and this Court’s

 language in Cataldo II ordering in camera review of the DSS records at issue, the

 trial court erred by impermissibly narrowing the scope of its post-conviction discovery

 orders to Rockingham DHHS and Guilford DSS, such that the trial court failed to

 conduct a sufficient in camera review of relevant records, as mandated by this Court

 in Cataldo II.

¶ 29 Accordingly, we reverse the trial court’s order and remand for post-conviction

 discovery orders of proper scope and in camera review of “T.B.’s DSS records

 regarding prior claims of abuse.” Cataldo II, WL 4441414 at *2.

 B. In camera review on appeal

¶ 30 Defendant also asks this Court to review the social services records already

 reviewed by the trial court to determine whether they contain exculpatory

 information that would be favorable and material to his defense. We decline to review
 STATE V. CATALDO

 2022-NCCOA-34

 Opinion of the Court

 the records until all of the relevant records have been requested and reviewed in

 camera by the trial court. In light of our holding, we need not reach any remaining

 arguments.2

 III. Conclusion

¶ 31 The trial court erred when it impermissibly narrowed the scope of its orders to

 Rockingham DHHS and Guilford DSS to include only records regarding allegations

 of events during certain time periods and against certain persons. Accordingly, we

 reverse the trial court’s order and remand to the trial court with instructions to order

 Rockingham DHHS and Guilford DSS to produce T.B.’s social services records

 “regarding prior claims of abuse.” Id.

¶ 32 Upon receipt and in camera review of the records, should the trial court

 determine that the records are in fact material, Defendant should be granted a new

 trial. See id. at *5.

 REVERSED AND REMANDED.

 Judge JACKSON concurs.

 Judge ARROWOOD dissents by separate opinion.

 2 Defendant also argues that he is entitled to post-conviction discovery under N.C.

 Gen. Stat. § 15A-1415(f) and that the trial court erred when it failed to order production of
 such discovery by the State. We are uncertain what discovery Defendant believes he is
 entitled to beyond the scope of the issues decided in this opinion.
 No. COA20-740 – State v. Cataldo

 ARROWOOD, Judge, dissenting.

¶ 33 I respectfully dissent from the majority’s holding that the trial court failed to

 comply with this Court’s mandate as set out in State v. Cataldo, 261 N.C. App. 538,

 818 S.E.2d 203 (2018) (unpublished) (“Cataldo II”). I sat on the panel that decided

 Cataldo II and concurred in that opinion, and I believe the trial court complied with

 Cataldo II. I vote to affirm the trial court’s order, and respectfully dissent.

¶ 34 In defendant’s motion for post-conviction discovery, defendant alleged the

 following:

 A review of the State’s discovery materials contained in the
 file indicates that there are Department of Social Services
 records regarding T.B.’s past allegations of sexual abuse
 against other people that were determined to be unfounded
 by DSS. Additionally, there are records concerning T.B.’s
 work with counselor Kim Madden that are likely to contain
 information helpful for the defense.

 Defendant’s factual allegations included three subsections, describing T.B.’s

 allegations of sexual abuse against her father in 2000-2001, again in 2008, and

 against her uncle in 2009. After highlighting the allegations made during these

 relevant periods, defendant argued that he “should be granted an in camera review

 of all DSS records concerning T.B.”

¶ 35 In Cataldo II, this Court addressed defendant’s contention “that he was

 entitled to an in camera review and the disclosure of these DSS documents proving

 that T.B. had falsely accused others of sexual abuse.” 261 N.C. App. 538, 818 S.E.2d

 203 at *8 (emphasis added). After concluding that the trial court erred in denying
 STATE V. CATALDO

 2022-NCCOA-34

 ARROWOOD, J., dissenting

 defendant’s motion for post-conviction discovery, we directed the trial court to conduct

 “an in camera review of the DSS records at issue[,]” and if the trial court

 “determine[d] that these records [were] in fact material, and would have changed the

 outcome of defendant’s trial,” the trial court should grant defendant a new trial. Id.

 at *12.

¶ 36 On 18 December 2018, the trial court entered an order for post-conviction

 discovery with respect to Rockingham County DSS records. In the order, the trial

 court made the following relevant findings:

 9. This Court has reviewed the records provided by the
 State through Rockingham DHHS and finds that the
 file does not contain any records regarding the DSS
 records “at issue” as requested by defendant in his
 post-conviction motion for discovery and as described
 by the Court of Appeals. The records at issue are
 records regarding T.B.’s allegations of prior abuse by
 her father from 2000-2001, and again in 2008, and by
 her uncle in 2009. The allegations of prior abuse are
 alleged to have occurred in North Carolina.

 10. This Court does find that the records provided contain
 references to the records at issue, but they do not
 provide the substance of those records and this Court
 is unable to complete its in camera review as Ordered
 by the Court of Appeals until it receives the
 appropriate records.

 On 18 February 2019, the trial court entered a similar order with respect to Guilford

 County DSS records, ordering the State to furnish complete records for the

 aforementioned time periods.
 STATE V. CATALDO

 2022-NCCOA-34

 ARROWOOD, J., dissenting

¶ 37 The issue on appeal is whether the trial court properly determined the scope

 of “the DSS records at issue” as directed by this Court in Cataldo II. In Cataldo II,

 we answered the question of whether defendant was entitled to an in camera review

 and disclosure of DSS documents “proving that T.B. had falsely accused others of

 sexual abuse.” Id. at *8. Although defendant’s MAR did request “an in camera review

 of all DSS records concerning T.B.[,]” Cataldo II did not grant an in camera review of

 all DSS records concerning T.B., instead limiting the review to documents related to

 T.B.’s allegations against others. Id. This scope aligns with defendant’s MAR, which

 specifically described three sets of allegations in 2000-2001, 2008, and 2009. I believe

 that the scope of “the DSS records at issue” is limited by the argument presented in

 defendant’s MAR and encompasses DSS records pertaining to T.B.’s allegations

 against others in 2000-2001, 2008, and 2009.

¶ 38 Notably, the trial court entered two orders requiring the State to furnish

 additional records prior to completing the in camera review. The trial court

 recognized that the in camera review, as mandated by Cataldo II, required the

 production of specific records, but that the in camera review was limited in scope.

 After obtaining the relevant records at issue, the trial court conducted its in camera

 review and properly determined that the records of T.B.’s prior allegations of abuse

 were not material to the defense. The trial court complied with Cataldo II by

 conducting an in camera review of DSS records from these relevant time periods.
 STATE V. CATALDO

 2022-NCCOA-34

 ARROWOOD, J., dissenting

¶ 39 I believe the majority has misapprehended the holding and mandate set out in

 Cataldo II, and I vote to affirm the trial court’s order. I respectfully dissent.